FILED

NATHAN SMITH
P.O. BOX 480265
LOS ANGELES CALIFORNIA
90048
(323)363-7031

2011 AUG 24  PM 4: 02

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____ (AP)

Fee Paid

DISTRICT COURT FOR THE UNITED STATES
CENTRAL DISTRICT OF CALIFORNIA

CV11-06884 - JVS(AN)

NATHAN SMITH, : CIVIL CASE NO. _____

:

:

Plaintiff, : CIVIL ACTION

:

vs.

THE STATE OF TEXAS

Defendant(s)

: COMPLAINT AND JURY DEMAND
Dick Schwartz, Esq., :
Dick Schwartz (personal and individual :
capacity), : Law Office of Schwartz,Junnell, Greenberg and Oatout Esq., :
Malpractice Insurance Carrier of Dick Schwartz:
Esq.; Ruth Kaper Esq. Ruth Karper(personal and individual capacity),
Malpratice insurance carrier of Ruth Kaper
Babe Schwartz,Esq , Babe Schwartz(personal and individual capacity),
Malpratice insurance carrier of Babe Schwartz
Ron Walker Esq, Ron Walker (personal and individual capacity)
Law Offices of Walker Keeling and Carroll
malpractice insurance carrier of Ron Walker
Terry Carroll Esq, Terry Carroll  (personal and individual capacity)
malpractice insurance of Terry Carroll
Jeffery L Hart    Esq   Jeffery Hart (personal and individual capacity)
malpractice insurance carrier of Jeffery Hart
Bruce Bennett Esq, Bruce Bennett (personal and individual capacity)
malpractice insurance carrier of Bruce Bennett
Law office of Cardwell ,Hart and Bennett
Morgan Dunn O'Connor (personal and individual capacity)
Morgan Dunn O'Connor gst non exempt  Trust

1   Brien O'Connor gst non exempt trust
2   Dunn O'Connor Family Trust,
3   Marie Sorenson Estate,
4   Defendant Commissioner Jerry Patterson
5   Defendant Texas Coastal Coordination Council
6   Defendant State of  Texas
7
8
9   :
10  Defendants. :
11  _____  :
12
13
14  JURISDICTION & VENUE
15
16  1. Jurisdiction in this matter is founded upon 28 U.S.C. §1331 which
17  grants District Courts of the United States, jurisdiction of all civil
18  actions arising under the Constitution, laws, or treaties of the United
19  States.
20  Venue is proper in this judicial district pursuant to 28 U.S.C. §
21  1391(b) and 18 U.S.C. § 1965.
22  This Court has federal subject matter jurisdiction of the RICO
23  claim as a federal question pursuant to 28 U.S.C. §§ 1331 and 18 U.S.C. §
24  1964(c) (civil remedies for RICO violations); and supplemental
25  jurisdiction of the
26  state law claims pursuant to 28 U.S.C. § 1367(a).
27  Jurisidiction is also invoked under Fed R. CIV. P 4(k)(2)
28  Rule 4(k)(2) reads as follows: "For a claim that arises under federal
29  law, serving a summons
30  or filing a waiver of service establishes personal jurisdiction over a
31  defendant if: (A) the defendant
32  is not subject to jurisdiction in any state's courts of general
33  jurisdiction; and (B) exercising
34  jurisdiction is consistent with the United States Constitution and laws."
35  FED. R. CIV. P. 4(k)(2).
36  Fed. R. Civ. P. 4(k) provides, in relevant part that (1) Service of a
37  summons or filing
38  a waiver of service is effective to establish jurisdiction over the
39  person of a defendant
40  (A) who could be subjected to the jurisdiction of a court of general
41  jurisdiction in the
42  state in which the district court is located, or (2) If the exercise of
43  jurisdiction is
44  consistent with the constitution and laws of the United States, serving a
45  summons or
46  filing a waiver of service is also effective, with respect to claims
47  arising under federal
48  law, to establish personal jurisdiction over the person of any defendant
49  who is not
50  subject to the jurisdiction of the court or general jurisdiction of any
51  state.
52
53  1(a) Jurisdiction is also invoked under 28 U.S.C. §1332 (a)(1) & (c)(1),
54  where Plaintiff

---

1  and Defendant are citizens of different states, and where the District
2  Court has original
3  jurisdiction of all civil actions where the matter in controversy exceeds
4  $75,000, exclusive of
5  interest and costs.
6  . Jurisdiction is also invoked under 28 U.S.C. §1367, the pendent
7  jurisdiction of
8  this Court with respect to state law claims.
9  Venue is properly laid in the District Court of the United States, in the
10  Central
11  District of California
12  Therefore, both 18 U.S.C. § 1965 and
13  28 U.S.C. § 1391 may provide the basis for venue
14  The Court also has jurisdiction based upon Defendants claims, arising
15  under
16   U.S.C. §1982; 12 U.S.C. 18 U.S.C. §1962, the
17  Racketeer Influenced and Corrupt Organizations Act ('RICO");
18  This Court also has jurisdiction of state law claims, under the doctrines
19  of
20  pendent and ancillary jurisdiction.
21  Jurisdiction is also invoked under 18 U.S.C. § 1965(b)
22  1965(b) provides for nationwide service and jurisdiction
23  over "other parties" not residing in the district, who may be
24  additional defendants of any kind, including co-defendants, third
25  party defendants, or additional counter-claim defendants. This
26  jurisdiction is not automatic but requires a showing that the "ends
27  of justice" so require.
28  1(b)The relevant legislative history states that "[s]ubsection (b) [of 18
29  U.S.C. § 1965]
30  provides Nationwide service of process on parties, if the ends of justice
31  require it," and that the
32  "broad provisions [of § 1965] are required by the nationwide nature of
33  the activity of organized
34  crime in its infiltration efforts." S. REP. NO. 91-617 at 161. Thus,
35  "Congress intended [Section
36  1965(b)] to enable plaintiffs to bring all members of a nationwide RICO
37  conspiracy before a
38  court in a single trial," and hence Section 1965(b) allows nationwide
39  service of process to
40  defendants residing outside the forum district court provided that the
41  forum district court has
42  "personal jurisdiction over at least one of the participants in the
43  alleged multidistrict conspiracy,"
44  and the ends of justice require such service.79
45  Jurisdiction is invoked under 28 U.S.C. § 1391(b)
46  a judicial district in which a substantial
47  part of the events or omissions giving rise to the claim occurred, or
48  a substantial part of property that is the subject of the action is
49  situated,
50  1(c)The issues raised by the state-law claims are no more novel or
51  complex
52  than the federal law claims, nor do they substantially predominate over
53  the
54  federal-law claims. Supplemental jurisdiction would avoid unnecessary

1  duplication and multiplicity of actions, and should be exercised in the
2  interests of judicial economy, convenience and fairness.
3  Venue is proper in the District of California under 28 U.S.C. §1391
4  because many of the incidents, events, or omissions complained of and
5  giving rise to the instant claim or controversy occurred within this
6  district.
7  1(d) Each of the Personal Capacity Defendants helped to formulate
8  partnership policies and participated in decision-making at Schwartz,
9  Junnell Greenberg and Oathout and Walker Keeling and Carroll shared
10  in the income and profits of Schwartz Junnell,Greenberg and Oathout and
11  Walker Keeling and Carroll
12  as being among that Personal Capacity Defendant's representative clients;
13  as such, each of the Personal Capacity Defendants
14  mentioned  was jointly and severally liable for the acts of Dick
15  Schwartz, Babe Schwartz , Ruth Karper, Schwartz Junnell, Greenberg and
16  Oathout, Ron  Walker, Terry Carroll, Walker Keeling and Carroll, Morgan
17  Dunn O'Connor, Jeffery Hart, Bruce Bennett and Commissioner Jerry
18  Patterson.
19
20
21
22  2. Plaintiff, NATHAN SMITH ("Plaintiff") is a human being residing at P.
23  O Box 480265 Los Angeles California 90048 323-363-7031
24  3. Defendant Dick Schwartz, Esq., :
25  Dick Schwartz (personal and individual :
26  capacity), : is a human being residing at 909 Fanin Street suite 2700
27  Houston Texas  77010
28  4.Law Office of Schwartz,Junnell, Greenberg and Oatout Esq is entity
29  located at 909 Fanin street  Houston Texas 77010
30  5.Malpractice Insurance Carrier of Dick Schwartz: is an entity whose
31  address is yet to be determined
32  6. Ruth Kaper Esq. Ruth Karper(personal and individual capacity),is a
33  human being residing at 909 Fanin Street suite 2700 Houston Texas 77010
34  7.Malpratice insurance carrier of Ruth Kaperis a entity whose address is
35  yet to be determined
36  8.Babe Schwartz,Esq , Babe Schwartz(personal and individual capacity),is
37  a human being residing at 909 Fanin Street suite 2700 Houston Texas 77010
38  9.Malpratice insurance carrier of Babe Schwartz is an entity whose
39  address is yet to be determined
40  10.Ron Walker Esq, Ron Walker (personal and individual capacity) is a
41  human being residing at 210 E Constitution P.O. Box 108 Victoria Texas
42  77902-0108
43  11.Law Offices of Walker Keeling and Carroll is a entity  doing business
44  at 210 E Constitution P.O. Box 108 Victoria Texas 77902-0108
45  12.malpractice insurance carrier of Ron Walker is a entity whose address
46  is yet vto be determined
47  13.Terry Carroll Esq, Terry Carroll  (personal and individual capacity)is
48  a human being residing at 210 E Constitution P.O. Box 108 Victoria texas
49  77902-0108
50  14.malpractice insurance of Terry Carroll is an entity whose address is
51  yet to be determined
52  15.Jeffery L Hart  Esq   Jeffery Hart (personal and individual capacity)
53  is a human residing at 807 Brazos suite 1001 Austin Texas 78701

---

16. malpractice insurance carrier of Jeffery Hart is an entity whose address is yet to be determined

17. Bruce Bennett Esq, Bruce Bennett (personal and individual capacity) is a human being residing at  807 Brazos suite 1001 Austin Texas 78701

18. malpractice insurance carrier of Bruce Bennett is an entity whose address is yet to be determined

19. Law office of Cardwell,Hart and Bennett is a business residing at 807 Brazos suite 1001 Austin Texas 78701

20. Morgan Dunn O'Connor (personal and individual capacity) is a human being residing in Victoria Texas

21. Morgan Dunn O'Connor gst non exempt  Trust is a trust whose address is yet to be determined

22. Brien O'Connor Dunn(personal and individual capacity) is a human being residing in Refugio  Texas

23. Brien O'Connor gst non exempt trust is a trust whose address is yet to be determined

24. Dunn O'Connor Family Trust, is a trust whose adress is yet to be determined

25. Marie Sorenson Estate, is a entity located in Refugio Texas whose address is yet to be determined

26. Commissioner Jerry Patterson (personal and individual capacity) is a human being residing at

and  as Commissioner of the  Texas General Land Office, 1700 N. Congress suite 800 Austin Texas 78701 - 1495

27. The Coastal Coordination Council of Texas, 1700 N. Congress suite 800 Austin Texas 78701-1495

27(a)The State of Texas 1700 N.Congress suite 800 Austin Texas 78701-1495

1   District of California, Central  Division, by virtue of 28 U.S.C.
2   §1391(b).
3
4
5
6   Plaintiff, NATHAN SMITH, by way of Complaint, says:
7
8   PRELIMINARY STATEMENT OF THE CASE
9
10  28. This is a tort action brought pursuant to 28 U.S.C. §1331, 28 U.S.C.
11  §1332 (a)(1)
12  & §1332 ( c)(1), and 28 U.S.C. §1367 for attorney negligence, fraud,
13  deception, theft, Plaintiff also brings this action for common law breach
14  of contract, tortious interference with contractual relations, unjust
15  enrichment, fraud, misrepresentation, negligence, reckless and wanton
16  misconduct, intentional infliction of emotional distress,
17  interference and conversion .This action seeks damages, including
18  punitive damages, redress of injuries, injunctive and declaratory relief,
19  disgorgement of profits, rescission, attorney's fees and costs, and other
20  relief, all arising out of Dick Schwartz's and the co defendants
21  violation of 18 U.S.C. §1961 et seq., (RICO), 15 U.S.C. §2301 et seq., 18
22  U.S.C. §1341 et seq., (Mail and Wire Fraud), 15 U.S.C. §1601 et seq
23  ..breach of contract, tortuous interference with contractual relations,
24  unjust enrichment, fraud, misrepresentation,  conversion, intentional
25  infliction of emotional distress, wanton  and reckless misconduct,
26  negligence and statutory violations interference with business advantage,
27  intentional and negligent infliction of emotional distress,  substantive
28  due process, and with high probability, malpractice, and other causes.
29
30  This action arises under the Fourth, Fifth and Fourteenth Amendments to
31  the United States Constitution; under federal law, specifically, 42
32  U.S.C. §§1983 and 1988
33
34  This court has jurisdiction over the subject matter of this action
35  pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly
36  set in the United States District Court for the Central District of
37  California pursuant to 28 U.S.C. §1391.
38
39
40  This is a civil action under 42 U.S.C § 1983 seeking damages
41  against Defendants for committing acts, under color of law, with the
42  intent and for the purpose of depriving Plaintiff of rights secured under
43  the Constitution and laws of the United States;
44
45  29. This case arises under the United States Constitution and 42 U.S.C.
46  Sections 1983 and 1988, as amended. This Court has jurisdiction in this
47  matter pursuant to 28 U.S.C. Sections 1331 and 1343.
48
49  30. Plaintiff brings this action resulting from damages incurred due to
50  the taking of the treasure and the vessel's content that was located on a
51  historic vessel found by Plaintiff. The Army Corp of Engineers in a
52  letter to Plaintiff indicated to Plaintiff that there  was a highly
53  likely hood that the vessel site would yield cultural resources eligible
54  for the National Registry of Historic Places. Plaintiff also learned from

the Texas Historical Commission's Marine Archaeologist Steve Hoyt that he
had been informed by the Army Corp of Engineers that Plaintiff was having
to do a survey in relations to excavating a historic vessel. Test done by
Plaintiff confirmed the presence of metals at the site. Those metals
being gold and silver and various other metals were confirmed to be
present at the site. Plaintiff was given a permit to excavate the vessel
from the Army Corp of Engineers. The Court of Appeals for the Southern
District of Texas affirmed that Plaintiff had been given the right to
excavate the vessel by the Army Corp of Engineers. Plaintiff also
submitted a consistency certificate to the Texas Coastal Coordination as
required by law. The permit to excavate the vessel was then issued to
Plaintiff. The Texas Coastal Council also concurred with the approval of
the permit to Plaintiff by the Army Corp of Engineers. At no point was
Plaintiff notified of any objections by the State of Texas regarding
plaintiff's  consistency  certification. The Texas General Land Office
and Texas Coastal Coordination Council website and records showed that
the they had reviewed Plaintiff's permit request at the Army Corp of
Engineers and that they had issued a decision regarding Plaintiff's
permit request. At no point did the Army Corp of Engineers or Plaintiff
receive anything From the State of Texas, Commissioner Jerry Patterson,
The Texas Coastal Coordination Council or the Texas General Land Office
that indicated that they would be objecting to the permit that granted
Plaintiff the right to excavate the vessel. Even  after a year after
the  permit was issue Plaintiff still did receive anything from the State
of Texas , the Texas Coastal Coordination Council, the Texas General
Land Office or Commissioner Jerry Patterson Indicating that they objected
to the permit to excavate the vessel that was issued to Plaintiff by the
Army Corp of Engineers. Even after taking Plaintiff to Court in a scheme
To defraud Plaintiff out of his right to excavate the vessel. The State
of Texas  and  Commissioner Jerry Patterson did not say that they
objected to the permit to excavate the vessel that was issued to
plaintiff by the Army Corp of Engineers. During the State of Texas and
Commissioner Jerry Patterson's bogus legal proceedings  against
Plaintiff. They claimed that their only objection that they had with
Plaintiff excavating the vessel was that Plaintiff did not have the State
of Texas's consent to do the work contained in the permit to excavate the
vessel issued to Plaintiff by the Army Corp of Engineers. As of the date
of writing of this Complaint for damages neither Plaintiff or the Army
Corp of Engineers have been informed by the State of Texas that they
objected to the permit to excavate the vessel that was issued to
Plaintiff by the Army Corp of Engineers.  Therefore as set forth in
 15. C.F.R. 930.62 the State of Texas was conclusively presumed to have
concurred  with the approval and issuance  of the permit to excavate the
vessel that was issued by the Army Corp of Engineers to Plaintiff. The
State of Texas's, the Texas Coastal Coordination Council's and
Commissioner Jerry Patterson's ignorance of the law regarding the federal
permitting process and the role that the State plays in this process and
ignorance of  15. C.F.R. 930.62 should not have been to the detriment of
Plaintiff which  it was when the named defendants in Plaintiff's
Complaint for Damages wrongly conspired to sue Plaintiff and to defraud
Plaintiff out of his legal right to excavate the Vessel so that these
defendants could steal the treasure and the content of the vessel while
destroying the vessel site in the process . The actions of these
defendants resulted in severe damages and losses to Plaintiff.

930.62 - State agency concurrence with a consistency certification.(a) At
the earliest practicable time, the State agency shall notify the Federal
agency and the applicant whether the State agency concurs with or objects
to a consistency certification. The State agency may issue a general
concurrence for minor activities (see ? 930.53(b)). Concurrence by the
State agency shall be conclusively presumed if the State agency's
response is not received within six months following commencement of
State agency review.

930.62 - State agency concurrence with a consistency certification.(a) At
the earliest practicable time, the State agency shall notify the Federal
agency and the applicant whether the State agency concurs with or objects
to a consistency certification. The State agency may issue a general
concurrence for minor activities (see ? 930.53(b)). Concurrence by the
State agency shall be conclusively presumed if the State agency's
response is not received within six months following commencement of
State agency review.

PART 930: FEDERAL CONSISTENCY WITH APPROVED COASTAL MANAGEMENT PROGRAMS

Subpart D: Consistency for Activities Requiring a Federal License or
Permit

930.62 - State agency concurrence with a consistency certification.(a) At
the earliest practicable time, the State agency shall notify the Federal
agency and the applicant whether the State agency concurs with or objects
to a consistency certification. The State agency may issue a general
concurrence for minor activities (see ? 930.53(b)). Concurrence by the
State agency shall be conclusively presumed if the State agency's
response is not received within six months following commencement of
State agency review.

(b) If the State agency has not issued a decision within three months
following commencement of State agency review, it shall notify the
applicant and the Federal agency of the status of the matter and the
basis for further delay.

(c) If the State agency issues a concurrence or is conclusively presumed
to concur with the applicant's consistency certification, the Federal
agency may approve the federal license or permit application.
Notwithstanding State agency concurrence with a consistency
certification, the federal permitting agency may deny approval of the
federal license or permit application. Federal agencies should not delay
processing applications pending receipt of a State agency's concurrence.
In the event a Federal agency determines that an application will not be
approved, it shall immediately notify the applicant and the State agency.

1  Due to the taking of the treasure and vessel's contents along with the
2  destruction of A HISTORICAL SITE ELIGIBLE FOR THE NATIONAL REGISTRY.
3  Plaintiff suffered extreme damages and losses. Plaintiff's permit was
4  wrongfully revoked and Plaintiff was wrongly sued by defendant
5  Commissioner Jerry Patterson and defendant Texas Coastal Coordination
6  council and the State of Texas and the co defendants who were engaging
7  in a scheme to defraud Plaintiff and who had been bribed by their co
8  defendant Morgan Dunn O'Connor and her co conspirators who had given
9  fraudulent documents  to Commissioner Jerry Patterson which allowed him
10 to wrongfully sue Plaintiff in a scheme to defraud Plaintiff  in
11 violation of Plaintiff's Federal constitutional rights.
12 This Court is an appropriate venue for this cause of action pursuant to
13 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in
14 this judicial district; evidence and records relevant to the allegations
15 are maintained in this judicial district; Plaintiff resides in this
16 judicial district.
17
18
19
20
21 31.Plaintiff  also alleges violations of the Racketeer Influenced and
22 Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (West 2001), by
23 use of mail and wire fraud, in violation of 18 U.S.C. §§ 1341
24 The Court  has jurisdiction based upon Plaintiff's  claims, arising under
25 42 U.S.C. §1982; 12 U.S.C. §2605 ("RESPA"); 18 U.S.C. §1962, the
26 Racketeer Influenced and Corrupt Organizations Act ('RICO');
27 1343 (West 2001).
28
29
30 32.In 18 U. S. C. §1964(c), RICO provides a private right of action for
31 treble damages to "[a]ny person injured in his business or property
32 by reason of a violation," as pertinent here, of §1962(c), which
33 makes it "unlawful for any person employed by or associated with" a
34 qualifying enterprise "to conduct or participate . . . in the conduct
35 ofsuch enterprise's affairs through a pattern of racketeering activity,"
36 including "mail fraud," §1961(1)(B). Mail fraud, in turn, occurs
37 whenever a person, "having devised or intending to devise any scheme or
38 artifice to defraud," uses the mail "for the purpose of executing
39 such scheme or artifice." §1341. The gravamen of the offense is the
40 scheme to defraud, and any " 'mailing . . . incident to an essential
41 part of the scheme' . . . satisfies the mailing element," Schmuck v.
42 United States, 489 U. S. 705, 712, even if the mailing "contain[s] no
43 false information," id., at 715. Once the relationship among these
44 statutory provisions is understood, respondents' theory of the case is
45 straightforward.
46
47 33.The Racketeer Influenced and Corrupt Organizations
48 Act (RICO or Act), 18 U. S. C. §§1961-1968, provides a private right of
49 action for treble damages to "[a]ny person
50 injured in his business or property by reason of a violation"
51 of the Act's criminal prohibitions. §1964(c)
52 [a]ny person injured in his business or property by reasonof a violation
53 of section 1962 of this chapter may sue therefor

---

```
1   in any appropriate United States district court and shall recover
2   threefold the damages he sustains and the cost of the suit, including a
3   reasonable attorney's fee." Section 1962 contains RICO's criminal
4   prohibitions. Pertinent here is §1962(c), which makes it "unlawful for
5   any person employed by or associated with" an enterprise
6   engaged in or affecting interstate or foreign commerce "to
7   conduct or participate, directly or indirectly, in the conduct
8   of such enterprise's affairs through a pattern of racketeering
9   activity." The term "racketeering activity" isdefined to include a host
10  of so-called predicate acts, including
11  "any act which is indictable under . . . section 1341
12  (relating to mail fraud)." §1961(1)(B).
13
14  Violation of 18 USC 1621 - PERJURY: FALSE TESTIMONY
15  CONTRARY TO A SWORN OATH AS PART OF A FRAUDULENT SCHEME TO OBTAIN
16  MONEY BY FALSE PRETENSES, PUNISHABLE BY UP TO 5 YEARS PRISON AND/OR FINE:
17
18
19  34.The Scheme is described generally in the Factual Allegations section
20  of this Complaint and consists of repeated acts of: 18 U.S.C. §1961 et
21  seq., (RICO), 15 U.S.C. §2301 et seq., 18 U.S.C. §1341 et seq., (Mail and
22  Wire he mail fraud statute, 18 U.S.C. § 1341, defines a fraudulent
23  scheme, rather than a particular false statement, as the crime.   It is
24  illegal to obtain money by a scheme that entails fraud, if use of the
25  mail is integral to the scheme.   That's why it is unnecessary to show
26  that the false statement was made to the victim.   A scheme that injures
27  D by making false statements through the mail to E is mail fraud, and
28  actionable by D through RICO if the injury is not derivative of someone
29  else's.   So we held in both In re EDC, Inc., 930 F.2d 1275, 1279-80 (7th
30  Cir.1991), and Israel Travel Advisory Service, Inc. v. Israel Identity
31  Tours, Inc., 61 F.3d 1250, 1257 (7th Cir.1995), and we see no reason to
32  change course.   Three other circuits that have considered this question
33  agree with our conclusion that the direct victim may recover through RICO
34  whether or not it is the direct recipient of the false statements.   See
35  Mid Atlantic Telecom, Inc. v. Long Distance Services, Inc., 18 F.3d 260,
36  263-64 (4th Cir.1994);  ? Systems Management, Inc. v. Loiselle, 303 F.3d
37  100, 103-04 (1st Cir.2002); ?Ideal Steel Supply Corp. v. Anza, 373 F.3d
38  251, 263 (2d Cir.2004),
39  Fraud), 15 U.S.C. §1601 et seq.,
40
41
42  35. Plaintiff seeks compensatory and punitive damages, attorney fees, and
43  costs against Defendants, who acting individually and collectively and in
44  a personal capacity and at the direction of each other, in collusion, and
45  in a conspiracy to defraud  took advantage of Plaintiff and egregiously
46  damaged him personally, financially and emotionally.
47
48
49
50  36.Plaintiff in corporates paragraphs 1-133 as set forth herein against
51  all the named defendants in Plaintiff's complaint for damages.
52  Back in 2008 Plaintiff retained  Defendant Dick Schwartz, Babe Schwartz
53  and Schwartz, Junnell, Greenberg and Oathout  legal services to handle a
54  salvage case involving a  abandoned historic vessel which highly likely
```

contained cultural resources eligible for the National Historic Registry.
Plaintiff entered into a $3,000,000,000 billion dollar contingency
agreement with the Dick Schwartz and Schwartz, Junnell, Greenberg and
Oathout to represent Plaintiff in Smith vs The Abandoned Vessel cv 07-
00784 .That case was litigated and dismissed by the Federal Court without
a judgment, salvage award or settlement which was what the Firm had to
attain for Plaintiff in order to recover under the terms of the
contingency agreement. There was no settlement ,salvage award or judgment
attained by the Firm, Dick Schwartz and his associates during their
representation for the Abandoned Vessel matter. Dick Schwartz sent
Plaintiff a email informing Plaintiff that the case had been lost. He
also informed Plaintiff that the litigation for Smith vs the Abandoned
Vessel 07-784 was over and there was nothing pending. The Judgment was
final in the action title Smith vs the Abandoned Vessel. The contingency
agreement also stated that any other matters would not be covered by the
contingency agreement that covers the Smith vs The Abandoned Vessel
matter unless the parties agreed for 2008 contingency agreement to cover
the other matters in writing. At no point did Plaintiff agreed in writing
that the 2008 contingency agreement for Smith vs the Abandoned Vessel
would cover the other matters that Dick Schwartz, Babe Schwartz, Ruth
Karper and Schwartz, Junnell, Greenberg and Oathout illegally represented
Plaintiff on without his consent or authorization. Dick Schwartz
indicated by email that the contingency agreement for Smith vs the
abandoned Vessel covered his illegal representation of Plaintiff for the
other matters even though he did not have a written agreement from
Plaintiff indicating just that as required before the 2008 contingency
agreement for Smith vs the Abandoned Vessel could cover the 2010 other
matters. Dick Schwartz, Ruth Karper, Babe Schwartz and Schwartz
Junnell, Greenberg and Oathout tricked Plaintiff into believing that the
other matters were still the same case as Smith vs the Abandoned Vessel
action or a extension of Smith vs the Abandoned Vessel matter by sending
Plaintiff invoices with the case title Smith vs The Abandoned Vessel 07-
784 and by making it appear to Plaintiff that they were still working
that case even though the  Smith vs the Abandoned Vessel matter had been
dismissed. Defendant Dick Schwartz, Ruth Karper, Babe Schwartz and
Schwartz Junnell, Greenberg and Oathout attempted to defraud Plaintiff.
Defendants told Plaintiff that he owed them  millions of dollars and a
part of the vessel contents, etc, even though there was no agreement in
place entitling these defendants to  millions of dollars from Plaintiff
or to part of the content of the vessel or interest in Plaintiff's
properties and business interest. Defendants also claimed that they had
attained interest in Plaintiff's properties even though there was no
agreement in place that would entitle the defendants a interest in
Plaintiff's properties. Defendants attempted to defraud Plaintiff by
using the 2008 contingency agreement to cover their illegal
representation of Plaintiff without Plaintiff's knowledge or consent or
authorization during the defendants scheme to defraud Plaintiff. The
defendants used fraudulent invoices to trick Plaintiff and they sent
these invoices to Plaintiff through the United States mail. This was done
in a attempt to defraud Plaintiff. Plaintiff had attained consent to
excavate the vessel from the Army Corp of Engineers and the Texas Coastal
Coordination Council which constituted as consent from the State of
Texas. Plaintiff was granted the right to excavate the vessel with the
granting of the Army Corp Permit and the with the concurrence of the

1  State of Texas who concurred with the granting of permit to excavate the
2  vessel which was granted to Plaintiff by the Army Corp of Engineers. The
3  2008 contingency agreement only covered the Smith vs the Abandoned vessel
4  case . In order for the 2008 contingency agreement that covered Smith vs
5  The Abandoned Vessel to apply and the terms of that agreement to kick in.
6  Defendant Dick Schwartz and his firm would have had to have gotten
7  Plaintiff a salvage award or a settlement or a judgment. Plaintiff got
8  the right to excavate the vessel. The 2008 contingency agreement that
9  covered the Smith vs the Abandoned Vessel matter required that Dick
10 Schwartz and his firm  attain Plaintiff The right to excavate the vessel
11 in the Smith vs the Abandoned vessel matter. This did not occur so
12 Plaintiff could not understand why defendant Dick Schwartz and his firm
13 were billing Plaintiff under the old case Smith vs the Abandoned Vessel
14 and why they claimed that Plaintiff still owed them millions of dollars
15 and a part of the vessel contents. Plaintiff also did not understand why
16 the defendants represented him without his consent. Defendant Dick
17 Schwartz and his co defendants attempted to defraud Plaintiff when they
18 told Plaintiff 2008 contingency agreement covered the 2010  matters.
19 Plaintiff did agree in writing or orally that the 2008 contingency
20 agreement would cover other matters or the 2010 matters involving the
21 Defendants bogus injunctions which they used in a scheme to defraud
22 Plaintiff. Plaintiff was defrauded out of the  treasure and contents of
23 the vessel and billions of dollars when the defendants and their co
24 conspirators placed the bogus injunction on Plaintiff which then enabled
25 them to have the time and opportunity to steal treasure and the contents
26 of the vessel while destroy the vessel site in the process. This was done
27 by the defendants in a joint conspiracy. The named defendants had
28 discussed doing a survey/excavation at the site. They stole the treasure
29 and the contents of the vessel and destroyed the vessel site.  This
30 damaged Plaintiff in the amount of billions of dollars. Plaintiff is a
31 famous and well known treasure hunter. Plaintiff had planned to monetize
32 and merchandise the vessel's excavation and the contents of the vessel
33 and the filming of the excavation of the vessel and numerous other income
34 streams that Plaintiff could have generated from the treasure and
35 contents of the vessel and the excavation of the vessel by Plaintiff if
36 not for the defendants fraudalent actions. Because of the malicious and
37 fraudalent actions of defendant Dick Schwartz and his co defendants
38 Plaintiff will not be able to capitalize on the excavation of the
39 historic vessel, the treasure and the contents of the vessel and other
40 income streams that the vessel and its content would have produced. This
41 would have been in the  billions of dollars. Plaintiff has now lost this
42 opportunity because of the defendants fraudalent actions and Plaintiff
43 has suffered damages and losses in the amount of $13,000,000,000 billion
44 dollars which would have been the estimated value of the income that
45 could have been derived from the vessel and the vessel contents and
46 numerous other income streams such as the ones mentioned in the 2008
47 contingency agreement that the defendants tried to use to defraud
48 Plaintiff. Defendants Dick Schwartz, Babe Schwartz, Ruth Karper and
49 Schwartz, Junnell, Greenberg and Oathout used the mail, wire and
50 telephone to commit these fraudalent acts. Defendants also used the
51 telephone to numerous times  lie to Plaintiff in a scheme to defraud
52 Plantiff. The defendants acted in a conspiracy with the other named
53 defendants to defraud Plaintiff by use of the mail, telephone and the
54 wire  in violation of the RICO ACT. These defendants violated the RICO

---

1  ACT when they sent the documents to Plaintiff in a joint conspiracy to
2  defraud Plaintiff along with their co defendants. Plaintiff relied upon
3  the misrepresentations of defendant Dick Schwartz and the law firm of
4  Schwartz Junnell Greenberg and Oathout and its representations during
5  the emails and mail sent to him by the defendants, Plaintiff was induced
6  and relied on the misrepresentations of defendant Dick Schwartz, the law
7  firm of Schwartz Junnell Greenberg and Oathout and his/her agents and
8  the misrepresentations of defendant Ron Walker and the law firm of Walker
9  Keeling and Carroll and his /her agents and their co defendants during
10 the injunction proceedings and the following court proceeding and appeal.
11 More particularly, as set forth below, these representations were false
12 or materially misleading, and formed the genesis of a carefully
13 calculated conspiracy by Dick Schwartz, the law firm of Schwartz, Junnell
14 Greenberg and Oathout, and his or her agents, Ron Walker, Terry Carroll,
15 Morgan Dunn O'Connor, the law firm of Walker, Keeling and Carroll,
16 Jeffery Hart, Bruce Bennett, the law offices of Cardwell Hart and
17 Bennett, Commissioner Jerry Patterson and the Texas General Land Office
18 along with the Texas Coordination Council and the State of Texas to
19 deceive Plaintiff, to gain interest in Plaintiff's properties and
20 interest, to defraud Plaintiff by representing Plaintiff without his
21 consent or a written agreement and signed agreement between the
22 defendants and Plainitff, In a scheme to defraud Plaintiff and
23 ultimately to take Plaintiff's property. Defendant Dick Schwartz and his
24 co defendants sent Plaintiff letters ,emails and invoices on 3-10-10 and
25 the months of 2010 and 2011.Said letters and emails was false and
26 without factual foundation whatsoever. The fraudalent documents, emails
27 invoices and other fraudulent instructments used by the defendants was
28 sent to Plaintiff using the United States mail and the wire. These
29 defendants also used the telephone to carry out their scheme to defraud
30 Plaintiff.It had its intended effect the harassment, intimidation and
31 frustration of Plaintiff, as well as a basis for the defendants to
32 continue defrauding Plaintiff and to gain interest in Plaintiff's
33 properties and to take the treasure and the vessel content from plaintiff
34 in a scheme to defraud Plaintiff .As a direct result of the overt acts
35 committed by Defendants pursuant to the conspiracy between them,
36 Plaintiff suffered harm and damages in an amount to be determined at
37 trial. Defendants also conspired to steal the treasure and the vessel's
38 content and in doing so did destroy a site potentially eligible for the
39 NATIONAL REGISTRY OF HISTORIC PLACES. The actions of these named
40 defendants constituted a classic violation of the RICO ACT and these
41 defendants are the poster child for the RICO ACT. The use of the United
42 States Mail and wire to carry out their fraud against Plaintiff
43 constitutes a violation of the RICO ACT. Defendants actions were
44 directed at Plaintiff and did cause Plaintiff to suffer damages and
45 losses, The defendants had knowledge in advance that their potential
46 fraudulent actions directed at Plaintiff who is a resident of California
47 could subject these defendants to litigation in California. These
48 defendants directed their fraudulent actions at Plaintiff who resides in
49 California.
50
51
52 37.VIOLATION OF FEDERAL RICO (18 U.S.C. §§ 1962(c),(d))
53 Defendants Dick Schwartz, Ruth Karper, Babe Schwartz, Schwartz , Junnell,
54 Greenberg, and Oathout, Ron Walker, Terry Carroll,. Jeffery Hart, Bruce

Bennett, and Morgan Dunn O'Connor, Schwartz Junnell, Greenberg and
Oathout and Cardwell Hart, Bennett and Jerry Patterson and their co
defendants in a joint conspiracy mailed to Plaintiff and sent over the
wire numerous documents to Plaintiff that they knew to be fraudalent and
false in a scheme to defraud Plaintiff. These documents consisted of
fraudulent billings, invoices and the fraudulent legal documents that the
defendants had created in order to file the bogus injunctions against
Plaintiff in order to be able to defraud Plaintiff during the scheme to
loot the vessel site and steal the treasure from Plaintiff. Defendants
also in a conspiracy mailed fraudulent bills and invoices to Plaintiff
during  their illegal representation of Plaintiff. Plaintiff was sent
numerous documents by the defendants over a course of a year and a half
during the  fraudulent legal proceedings that the defendants had filed in
order to defraud Plaintiff. Morgan Dunn O'Connor Jr. the person who filed
suit against Plaintiff during the defendants fraudulent activities was a
fictitious person created by the defendants. The declaration given in
support of the petition for the Permanent Injunction and the Temporary
Restraining Order was fraudulent. This declaration and the attached
documents was sent to Plaintiff by the defendants who used the mail and
the wire to facilitate the sending of the bogus documents to Plaintiff in
a scheme to defraud Plaintiff. These defendants were well aware of the
fact that Morgan Dunn O'Connor Jr. was not a real person and that they
had created this fictitious person in a scheme devised by the defendants
to defraud Plaintiff. These defendants also knew that they were not
authorized to represent Plaintiff without his consent or authorization
despite being aware of these facts the defendants still represented
Plainitff without his permission or consent in order to be able to serve
the bogus documents on Plaintiff. Defendants represented Plaintiff
illegally in furtherance of their conspiracy to defraud Plaintiff.
Defendants Dick Schwartz and Ron Walker and their co defendants did
conspire to get defendant Dick Schwartz and his co defendants to
represent Plaintiff without his consent or knowledge so that  defendant
Ron Walker could serve the bogus documents on Plaintiff through defendant
Dick Schwartz and his co defendants who were representing Plaintiff
without his consent or his authorization or any signed agreement from
Plaintiff indicating that defendant Dick Schwartz and his co defendants
could represent Plaintiff for the injunction matters. Defendants Ron
Walker, Terry  Carroll and Morgan Dunn O'Connor had prepared some bogus
legally documents under the fictitious name Morgan Dunn O'Connor Jr. The
Court had indicated to defendant Ron Walker that the temporary
restraining order that he had prepared could not be served on the
Plaintiff but one prepared by the Clerk of the Court had to be served on
Plaintiff once a bond was placed with the Court. Defendants Ron Walker ,
Terry Carroll, Morgan Dunn O'Connor and the law firm of Walker Keeling
and Carroll devised a scheme to serve the bogus temporary restraining
order on Plaintiff anyway while disregarding the Court's order in the
process. These defendants conspired with defendants Dick Schwartz and his
law firm to accept the bogus documents on Plaintiff's behalf as
Plaintiff's counsel even though all the defendants knew that they were
not authorized to do so. Defendant Ron Walker and his co conspirators
sent a email with the bogus and fraudulent documents  to Plaintiff and
defendant Dick Schwartz and his  co defendants indicating to Plaintiff
that the  bogus Temporary Restraining Order that was attached to the
email was the Temporary Restraining Order issued by the Court when in.

1  reality the Clerk of the Court had not even prepared the Temporary
2  Restraining Order and the defendants did not make any attempt to get the
3  order from the Clerk. The real temporary restraining order prepared by
4  the Clerk of the Court was never ever served on Plaintiff. The defendants
5  used the fraudalent one instead in a scheme to defraud Plaintiff.
6  Defendant Dick Schwartz told defendant Ron Walker that he would contact
7  Plaintiff to see if Plaintiff wanted his firm and him to accept the legal
8  documents from defendant Ron Walker and his co defendants and to see if
9  Plaintiff wanted defendants Schwartz Junnell, Greenberg and Oathout  and
10  defendant Dick Schwartz to represent Plaintiff. Despite the defendants
11  indicating that they would contact Plaintiff before serving the documents
12  on Plaintiff and accepting  the documents on Plaintiff's behalf. The
13  defendants proceeded to do just the opposite. Defendant Ron Walker and
14  his co defendants served the documents on defendant Dick Schwartz and his
15  firm who accepted service of the documents even though they were not
16  authorized to do so and Plaintiff had not hired them as his counsel to
17  represent them in regards to the bogus documents that the co defendants
18  were serving on Plaintiff in a scheme to defraud Plaintff. Defendants
19  Dick Schwartz and his firm acted as Plaintiff counsel without Plaintff's
20  knowledge and consent. Defendants Ron Walker, Terry Carroll and Morgan
21  Dunn O'Connor and the law firm of Walker Keeling and Carroll  knew that
22  defendant Dick Schwartz and his co defendants was not Plaintiff's counsel
23  and that they had no authority to accept documents on Plaintiff's behalf.
24  The emails of 3-10-10 between defendant Ron Walker and defendant Dick
25  Schwartz shows that defendant Dick Schwartz told defendant Ron Walker
26  that he had to ask Plaintiff first before he could accept service of the
27  documents on Plaintiff behalf. Despite defendant Dick Schwartz telling
28  defendant Ron Walker that he had to ask Plaintff first before he could
29  act as Plaintiff's counsel and accept service of the documents on
30  Plaintiff's behalf. These defendants did conspire to allow defendant Ron
31  Walker to serve the documents on defendant Dick Schwartz even though both
32  defendants knew that defendant Dick Schwarzt and his firm was not
33  authorized to act as Plaintiff's counsel and accept service of the
34  documents on Plaintiff's behalf. This was done by the defendants in a
35  joint conspiracy to defraud Plaintiff. After defendant Dick Schwartz
36  recieve the documents from defendant Ron Walker and his co defendants
37  Terry Carroll ,Morgan Dunn O'Connor and the firm  via mail and wire.
38  These defendant then sent the documents to Plaintiff using the mail and
39  wire.
40
41
42
43  38.These defendants did conspire to defraud Plaintiff by using the mail
44  and wire to sent the fraudalent documents to Plaintff. The email that the
45  defendants sent to Plaintiff did not ask Plaintiff if he wanted defendant
46  Dick Schwartz and his firm to represent Plaintiff and accept service of
47  the documents from defendant Ron Walker and his co defendants on
48  Plaintiff's behalf. This is what defendant Dick Schwartz told defendant
49  Ron Walker and his co defendants he would do once he contacted
50  Plaintiff. Instead the email indicated that the Plaintiff had been served
51  with a Temporary Restraining Order issued without notice by the Court and
52  indicated that defendant DIck Schwartz was planning on having the case
53  removed to another Court.  The emails sent by Defendant Dick Schawrtz
54  also lied about when the documents were served on defendant Dick Schwartz

1   and his firm. Defendant Dick Schwartz indicated to PLaintiff that the
2   documents had been served on him and his firm on 3-9-10 and that he saw
3   the documents on the morning of 3-10-10. This was a completelt false
4   statement made by defendant Dick Schwartz because the emails that
5   defendants
6
7
8   39.Ron Walker and defendant Dick Schwartz and the co defendants sent to
9   Plaintiff indicated that the documents were sent to defendant Dick
10  Schwartz and his firm on the same day that the defendants sent the
11  documents to Plaintiff.  Defendant Dick Schwartz lied about when he
12  received the documents from his co defendants in a conspiracy to defraud
13  Plaintiff. The senting of the fraudulent documents to Plaintiff by mail
14  and wire caused Plaintiff to be harmed and to suffer injury. Plaintiff
15  had invested a lot of time and money preparing for his excavation of the
16  vessel. The defendants fraudulent actions caused Plaintiff to lose his
17  right to excavate the vessel. Plaintiff was led to believe that he had a
18  injunction placed on him  and therefore he could not do the excavation of
19  the vessel when the defendants contacted Plaintiff using the mail and
20  wire and telephone and served the bogus documents on Plaintiff using the
21  mail and wire and telephone. Defendant Morgan Dunn O'Connor allowed her
22  name to be used by the defendants in their scheme to defraud Plainitff.
23  Defendant Morgan Dunn O'Connor did allow and she also aidded and abbetted
24  defendants Ron Walker, Terry Carroll and the law firm of Walker Keeling
25  and Carroll in their commission of fraud against Plaintff. Defendant
26  Morgan Dunn O'Conor was well aware of the fact that defendants Ron Walker
27  and his co defendants  had conspired to  defraud Plaintiff by creating
28  the fictitious person Morgan Dunn O'Connor Jr. who they then used to sue
29  Plaintiff. Defendant Morgan Dunn O'Connor was well aware of the fact that
30  her co defendants / counsel  Ron Walker and his co conspirators had sent
31  Plaintiff the bogus documents using the mail and wire in a scheme to
32  defraud Plaintiff. The defendants directed their fraud at Plaintiff in
33  order to be able to get a injunction placed on Plaintiff so that the
34  defendants would have time to steal the treasure and the contents of the
35  vessel while destroying a Historic Site in the process. Plaintiff was
36  injured from the documents sent by mail and wire to Plaintiff by
37  defendant Dick Schwartz, Ron Walker, Babe Schwartz, Ruth Karper, Terry
38  Carroll, Morgan Dunn O'Connor, the law firm of Walker Keeling and Carroll
39  and the law firm of Schwartz, Junnell Greenberg and Oathout and the
40  named co defendants who had formed a  joint conspiracy to defraud
41  Plaintiff. The actions of the defendants resulted in Plaintiff losing
42  potentially Billions of dollars which would have been generated from the
43  treasure and the contents of the vessel and also the vessel and other
44  potential revenue streams that the excavation of the vessel would have
45  generated. Plaintiff suffered direct injury as a result of the defendants
46  fraudulent actions. The direct injury was the loss of the treasure and
47  the vessel's contents and Plaintiff's legal right to excavate the vessel
48  with the permit that Plaintiff  had attained from the Federal Government
49  and the State of Texas. Plaintiff suffered direct injury from the action
50  of the defendants because the injunctions delayed and stopped Plaintiff
51  from excavating the vessel and this gave the defendants time to steal the
52  treausre and the contents of the vessel and time to destroy a Historical
53  Site. The defendants used the mail and wire to sent the fraudulent
54  injunctions to Plaintiff. The fraudulent injunctions created by the

1  defendants during their conspiracy to defraud Plaintiff  tricked
2  Plaintiff into believing that defendant Dick Schwartz and his firm had a
3  right to be representing Plaintiff. Defendant Dick Schwartz and his co
4  defendants sent  Plaintiff invoices indicating that they were still
5  fighting the old case on Plaintiff's behalf and that the bogus
6  injunctions prepared by their co conspirators was part of the old case
7  titled Smith vs the Abandoned Vessel 07-784. Plaintiff relied on these
8  false statements of defendant Dick Schwartz and his firm. As a result
9  defendant Dick Schwartz and his firm were able to keep billing Plaintiff
10  under the old case. Plaintiff had previous been told by Defendant Dick
11  Schwartz and his firm that Smith vs the Abandoned Vessel had been
12  dismissed. Plaintiff was sent numerous bills and invoices  by United
13  States mail from defendant Dick Schwartz , his co defendants and his the
14  firm indicating that Plaintiff was being  invoiced for the pending case
15  mattter Smith vs the Abandoned Vessel case # 07-784. Plaintiff was also
16  being sent things over the wire and the defendants used the telephone to
17  also defraud Plaintiff.  Defendants Dick Schwartz, Ruth Karper, Babe
18  Schwartz and the law firm of Schwartz, Junnell , Greenberg and Oathout
19  knew that Smith vs the Abandoned Vessel case #07-784 had been dismissed
20  without a  judgment , award or settlement and that their was no other
21  matters pending in that case. Despite having knowledge of these facts the
22  defendants still continue to bill and invoice  Plaintiff using the United
23  States mail. The billings and invoices sent to Plainitff was for  the
24  dismissed case Smith vs the Abandoned Vessel cv 07-784.  The defendants
25  indicated to Plaintiff that the
26  agreement that allowed them to represent Plaintiff consisted of emails ,
27  telephone conversations and the old contingency agreement for Smith vs
28  the Abandoned Vessel. The case that the defendants told Plaintiff that
29  they were now handling on his behalf and that the bogus injunctions  were
30  part of. Defendants Dick Schwartz and his co defendants misled Plaintiff
31  into believing that the Smith vs the Abandoned Vessel case was still
32  pending. This was done to defraud Plaintiff and to help the
33  co defendants defraud Plaintiff with the bogus injunction and documents
34  that the defendants sent to Plaintiff by mail and by wire. Defendants
35
36
37
38  40.Dick SChwartz, Ruth Karper, Babe Schwartz, and Schwartz Junnell,
39  Greenberg and Oathout told Plaintiff that he owed them millions of
40  dollars  and interest in his properties and businesses  and that they
41  were entitled to these interest as a result of the work that they were
42  doing on Smith vs the Abandoned Vessel even though that case had been
43  dismissed a year and a half earlier. The defendants attempted to and did
44  defraud Plaintiff when they took a percentage in Plaintiff's
45  business and property interests and other interests as set forth in the
46  2008 contingency agreement that the defendants claimed govern their
47  illegal and unlawful representation of Plaintiff.  At no point did
48  Plaintiff agree in writing or in other manner that the 2008 contingency
49  agreement would apply to the new matters involving the bogus injunctions.
50  The 2008 contingency agreement specifically states that it could not
51  apply to any other matters unless agreed to by the parties
52  in writing. Defendant Dick Schwartz, Ruth Karper,Babe Schwartz and
53  Schwartz Junnell Greenberg and Oathout lied to Plaintiff when they told
54  Plaintiff that they were still working on the Smith vs the Abandoned

1   Vessel matter   when in fact they were working on a completely different
2   matter. Defendants Dick Schwartz
3   and his co defendants attempted to defraud PLaintiff by using the mail,
4   wire and telephone to illegally bill Plaintiff for a case that was not
5   pending and had been dismissed. The defendants illegal billing,
6   invoicings and documents sent by mail and wire and misrepresentation was
7   directed at Plaintiff and did injure
8   Plaintiff. Plaintiff lost a percentage of his businesses, properties and
9   other interest to the defendants who claimed that Plaintiff had to give
10  them these interest  for their current work on the pending matter as
11  contained in their illegal invoices and billings for Smith vs the
12  Abandoned Vessel case #07-784. Defendants defrauded Plaintiff when they
13  billed Plaintiff for a work on a case that was dismissed and that was not
14  pending in the Courts. Defendants Dick Schwartz
15  Ruth Karper, Babe Schwartz and  Schwartz Junnell, Greenberg and Oathout
16  did conspire with defendants Ron Walker Terry Carroll, Morgan Dunn
17  O'Connor and Walker Keeling and Carroll to send Plaintiff the fraudalent
18  documents by mail and wire in a scheme to defraud Plaintiff. The bogus
19  documents prepared by defendants Ron Walker
20  Terry Carroll, Walker, Keeling and Carroll, Morgan Dunn O'Connor and
21  their co defendants were directed at Plaintiff and was the cause of
22  Plaintiff's injuries which resulted from the defendants fraudulent
23  scheme. The documents sent to Plaintiff by mail and wire from defendants
24  Ron Walker, Terry Carroll, Morgan Dunn O'Connor and Walker Keeling and
25  Carroll contained fraudalent misrepresentations that these defendants and
26  their co defendants knew to be false, These misrepresentation were made
27  to Plaintiff by defendants in a scheme to defraud Plaintiff out of the
28  treasure, the vessel contents and his right to excavate the vessel. The
29  documents which contained the misrepresentations was sent to Plaintiff by
30  mail and wire by the defendants and their co conspirators in a scheme to
31  defraud Plaintiff. These defendants knew that the bogus Temporary
32  Restraining Order served by them on Plaintiff was not the real Temporary
33  Restraining Order that the clerk was instructed by the Court to prepare.
34  These defendants also knew that Morgan Dunn O'Connor Jr. was not a real
35  person but the fictitious person that the defendants had created in their
36  scheme to defraud Plaintiff. Despite being fully aware of these facts the
37  defendants still proceeded to send the fraudulent documents to Plaintiff
38  using the mail and the wire.
39
40
41
42
43  41.Defendant Terry Carroll used his position as Notary to facilitate the
44  creation of the bogus documents used by the defendants and their co
45  conspirators in a joint conspiracy to defraud Plaintiff. Each defendant
46  aidded and abbetted their co defendants in the commission of the
47  fraudulent activities against Plaintiff. Defendants Ron Walker, Terry
48  Carroll, Morgan Dunn O' Connor and Walker, Keeling and Carroll supplied
49  the illegal documents and fictitious person Morgan Dunn O'Connor Jr.
50  which they then used to sue Plaintiff. They then send these documents to
51  Plaintiff using the mail and wire in violation of the RICO ACT.
52  Defendants Dick Schwartz,Babe Schwartz, Ruth Karper and Schwartz Junnell,
53  Greenberg and Oathout supplied the means to serve the documents on
54  Plaintiff by actings as Plaintiff's counsel without Plaintiff's knowledge

1    or consent in order to allow their co defendants to serve Plaintiff with
2    the bogus documents. These defendants did conspire with their co
3    defendants to represent Plaintiff without his consent or knowledge so
4    that their  co defendants could accomplish their scheme   which was to
5    serve Plaintiff with the bogus documents so that they could defraud
6    Plaintiff by getting the bogus injunctions placed on Plaintiff so that
7    they would have the opportunity to steal the treasure and loot the vessel
8    site. The bogus injunction filed by the defendants prevented Plaintiff
9    from doing his operations. Plaintiff suffered injury as a result of the
10   defendants fraudalent actions when they  used the mail, wire and
11   telephone to send the bogus documents to Plaintiff in order to defraud
12   Plaintiff out of his right to excavate the vessel and to defraud
13   Plaintiff  out of the treasure. Defendants  fraudalent actions also
14   caused Plaintiff injury and harm because Plaintiff was told that he now
15   owed the defendants Dick Schwartz and his co defendants millions of
16   dollars as a result of them having to represent Plaintiff during the
17   bogus injunction matter which the defendants claimed was really  the
18   Smith vs the Abandoned Vessel matter 07-0784. Plaintiff would now have to
19   give the defendants interest in his properties, movies, businesses and
20   any other interest that Plaintiff had attained. Plaintiff was also
21   informed that he was required to give the defendants a percentage of the
22   treasure and the vessel contents. Plaintiff was led to believe and was
23   induced into believing that he did in fact owe the defendants what they
24   had stated because they claimed that they were still working on the Smith
25   vs the Abandoned Vessel matter which was still pending in the Courts
26   along with the bogus injunction matters. Defendants led Plaintiff to
27   believe that they were still working on Smith vs the Abandoned Vessel
28   matter and that Plaintiff was required to pay the defendants for their
29   current work on Smith vs the Abandoned Vessel which the defendants by
30   mail and wire and  telephone told Plaintiff was still pending in the
31   Courts. Defendants invoices clearly indicated that the defendants were
32   handling the Smith vs the Abandoned Vessel matter  cv 07-784 and that it
33   was pending in the Southern District. Defendants also used the bogus
34   documents which was sent by mail, and wire to Plaintiff by the
35   defendants as a way to revive the old contingency agreement for Smith vs
36   the Abandoned Vessel so that they could tell Plaintiff that their illegal
37   work was covered under that agreement. Defendants Dick Schwartz, Babe
38   Schwarz, Ruth Karper and Schwartz Junnell Greenberg and Oathout did
39   defraud Plaintiff when they informed Plaintiff by using the mail and wire
40   that the 2008 contingency agreement  covered their illegal actions even
41   though they were well aware of the fact Plaintiff had not
42   agreed in writing for the agreement to cover the defendants illegal
43   representation. Defendants Dick Schwartz and his co defendants sent
44   numerous documents by mail wire that they knew to be fraudalent.
45   Defendants Dick Schwartz, Babe Schwartz, Ruth  Karper and Schwartz
46   Junnell Greenberg and Oathout made numerous
47   representation to Plaintiff using the mail, wire and telephone in a
48   scheme to defraud Plaintiff. Defendants lied about when they recieved the
49   documents from their co defendants in order to aid Morgan Dunn O'Connor,
50   Ron Walker, Terry Carroll and Walker, Keeling and Carroll in their scheme
51   to defraud Plaintiff. Defendants
52
53
54

42.Dick Schwartz, Ruth Karper, Babe Schwartz and Schwartz Junnell Greenberg and Oathout also misrepresented to Plaintiff what case they were working on in order to defraud Plaintiff and induce Plaintiff into believing that the old case Smith vs The Abandoned Vessel had been revived and that the bogus injunctions filed by the co defendants was part of that case and therefore Plaintiff would be required to pay the defendants under the terms of the 2008 contingency agreement which governed Smith vs the Abandoned Vessel. This defendants did jointly conspire to  defraud Plaintiff and in collusion with the co defendants did conspire to represent Plaintiff without his consent or authorization in order to be able to accept the fraudalent documents from their co conspirators who had created a fictitious person named Morgan Dunn O'Connor Jr. that the defendants were now using to sue Plainitff. Defendants Dick Schwartz, Babe Schwartz, Ruth Karper, Ron Walker.Terry Carroll, Morgan Dunn O'Connor  , Schwartz ,Junnell, Greenberg and Oathout and Walker Keeling and Carroll did use the mail, wire and telephone to carry out their fraudalent scheme.Each defendant aidded and abbetted each other in the commission of this fraud against Plaintiff. Defendants Dick Schwartz, Ruth Karper, Babe Schwartz,Ron Walker, Terry Carroll, Morgan Dunn O'connor, Schwartz Junnell, Greenberg and Oathout and Walker, Keeling and Carroll used the mail, wire and telephone to send the documents numerous times to Plaintiff in a scheme to defraud Plaintiff. As result of these named defendants action Plaintiff was injured and suffered extreme losses and damages along with the lost of the treasure , the vessel and the vessel's content.  The defendants fraudalent actions led to the destruction and looting of the vessel site. Plaintiff now has a permanent injunction against him and Plaintiff was prevented from exacavating the vessel even though Plaintiff had a permit from  the  Army Corp of Engineers and consent from the State of Texas which gave him the right to excavate the vessel which is what Plaintiff had intended to do if not for the defendants fraudalent actions which were directed at Plaintiff and caused Plaintiff harm, damages and extreme losses. The use of the mail wire and telephone enabled the defendants to defraud Plaintiff. Defendants acted in a conspiracy with one another. Defendants mailed and wired Plaintiff numerous documents Each of these mailings was an"act which is indictable" as mail fraud, and together they constituted a "pattern of racketeering activity." By conducting
the affairs of their enterprise through this pattern of racketeering activity,  defendants  violated §1962(c). As a result, Plaintiff lost the opportunity to acquire valuable property from the vessel and the allege treasure and vessel all which had significant value attached to them. Plaintiff lost the right to excavate the vessel, to film the excavation of the vessel, to recover the treasure and  the contents of the vessel and other revenue streams that would have been generated from the excavation of the vessel. Plaintiff also lost property interest and business interest and Plaintiff was told that he owed the defendants millions of dollars which was all so a loss to Plaintiff.  Plaintiff also lost the  opportunity to make monies off the treasure, the contents of the vessel and the excavation of the vessel.

43. Due and because of the actions of the defendants who were engaging in fraud. Plaintiff lost the opportunity to make billions of dollars because of the defendants fraudalent actions directed at Plaintiff. Plaintiff bought equipment and hired people which cost monies but Plaintiff lost these monies that were invested when he couldn't excavate the vessel. Plaintiff lost his right to excavate the vessel  which would have generated revenues and monies. Due to the defendants fraudulent actions. Plaintiff lost all the monies that he had invested in getting the right to excavate the vessel and recover the treasure
and the vessel contents. Plaintiff lost a lot of business opportunities and investors. Plaintiff lost the ability to raise money for the excavation because Plaintiff could not excavate the vessel because of the named defendants actions. Accordingly, Plaintiff was injured in his business or property by reason of  defendants' violation of §1962(c), and RICO's plain terms gives Plaintiff a private right of action for treble damages. Plaintiff relied on the false statements of the defendants and Plaintiff was induced  and tricked into allowing defendant Dick Schwartz and his co defendants to represent Plaintiff  during the  litigation titled Smith vs the Abandoned Vessel  07-784 which was the case title founded in the illegal billing and invoices that defendants mailed to Plaintiff.  Plaintiff relied on the representations of defendants Dick Schwartz and his co defendants when they told him that they were litigating Smith vs the Abandoned Vessel matter and that the other matters  filed by the co defendants in their scheme to defraud Plaintiff was part of that case, therefore the firm could bill and invoice Plaintiff for the current and pending matter Smith vs the Abandoned Vessel 07-784. Plaintiff relied on these representations to his detriment. Plaintiff also relied on the  false statements of defendants Ron Walker, Terry Carroll, Morgan Dunn O'Connor and Walker Carroll and Keeling when they told Plaintiff that they had attained a TRO from the Court when in reality the defendants had served a bogus TRO on Plaintiff that wasn't from the Court and did not contain a real person and was created by the defendants in a scheme to defraud Plaintiff. Defendants in a conspiracy sent the documents to Plaintiff by mail and wire and the defendants used the telephone to carry out their scheme to defraud Plaintiff.

Plaintiff  reallege all prior allegations 1-133 in the Complaint, and incorporates them by reference as if specifically set forth herein.

44.This action is brought under 18 U.S.C. §1962(c), and (d) commonly known as the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and is asserted against Dick Schwartz, Babe Schwartz, Ruth Karper, Schwartz, Junnell, Greenberg and Oathout, Ron Walker, Terry Carroll, Walker Keeling and Carroll, Morgan Dunn O'Connor, Jeffery Bennett, Cardwell Bennett and Hart, Bruce Bennett and Commissioner Jerry Patterson. (the "RICO-1 defendants"). The Scheme is described generally in the Factual Allegations section of this Complaint and consists of repeated acts of: 18 U.S.C. §1961 et seq., (RICO), 15 U.S.C. §2301 et seq., 18 U.S.C. §1341 et seq., (Mail and Wire Fraud), 15 U.S.C. §1601 et seq. Schwartz, Junnell, Greenberg and Oathout and Walker Keeling and

1  Carroll are  enterprises that was conducted for the purpose of practicing
2  law.  as alleged more particularly in this Complaint, and
3  those activities constituted an enterprise for purposes of RICO.
4  Specifically, directed hundreds if not thousands of documents, emails and
5  letters at Plaintiff  in order to systematically cheat and defraud
6  Plaintiff of his money and treasure and property interest and his
7  right to excavate the vessel.
8  Schwartz , Junnell, Greenberg and Oathout, Dick Schwartz, Ron Walker and
9  the co defendants used interstate mail communications execute and further
10 its scheme to obtain money from Plaintiff and to defraud Plaintiff with
11 the use of fraudulent or misleading pretenses, misrepresentations and
12 promises.
13
14 Defendant Dick Schwartz, Ron Walker and the co defendants engaged in
15 racketeering activity by violating 18 U.S.C. §1341, the
16 mail fraud statute by:
17 (A)
18 contacting Plaintiff for the injunctions and illegal representation of
19 Plaintiff;
20 (B)
21 creating false and misleading letters ,emails and documents to give a
22 sense of false urgency to Plaintiff;
23 (C)
24 accepting payments for legal services across
25 state lines;
26 (D)
27 using the agency of interstate mails to disseminate its legal service
28 offers; and,
29 (E)
30 transmitting communications, advertisements, and  solicitations tothe
31 mass-media throughout the United States.Schwartz Junnell, Greenberg and
32 Oathout, Walker Keeling and Carroll, Dick Schwartz and Ron Walker and the
33 named co defendants knowingly and intentionally misrepresented the nature
34 of its Scheme as the lawyers representing Plaintiff when in effect the
35 Scheme was little more than a window-dressed larcenous scheme, and
36 Schwartz Junnell, Greenberg and Oathout, Dick Schwartz, Ron Walker and
37 Walker Keeling and Carroll along with the other named co defendants knew
38 at the time that its emails, documents and letters was false and
39 misleading, and that recipients of its mailings, including Plaintiff
40 would be defrauded and misled. Defendants engaged in a pattern of mail
41 fraud for the purposes of defrauding customers who had been represented
42 by the Firm such as Plaintiff. This racketeering activity had the purpose
43 of obtaining income and properties from defrauded Plaintiff  who spent
44 money in reliance the defendants promises. Plaintiff, justifiably relied
45 on the misrepresentations and omissions described above, to his
46 detriment.
47
48 45.Defendants Dick Schwartz, Babe Schwartz Ruth Karper, Schwartz Junnell,
49 Greenberg and Oathout, Ron Walker, Terry Carroll, Walker Keeling and
50 Carroll, Morgan Dunn O'Connor and Commissioner Jerry Patterson and his
51 law firm and counsel concealed its systematic fraud and Plaintiff  did
52 not, nor could he reasonably have been expected to, discover defendants
53 pervasive fraud until Plaintiff severally surfed the Internet, files,

---

1  court records and Plaintiff's records recently and began appreciating the
2  scale and depth of the deceptive nature of  defendants Scheme.
3  Each of the above-described acts were interrelated, and were part of a
4  common and continuous pattern of fraudulent activity, perpetrated for the
5  same or similar purposes that involved the same or similarly situated
6  participants and methods of commission, and had similar results impacting
7  Plaintiff.
8
9  46.Defendants Dick Schwartz, Schwartz Junnell Greenberg and Oathout, Ron
10  Walker, Terry Walker, Walker Keeing and Carroll and Morgan Dunn O'Connor
11  used interstate mail communications on virtually a monthly basis between
12  March 10, 2010 through June 2011, for the purpose of executing the
13  scheme to defraud Plaintiff. On various occasions during the period, the
14  RICO defendants, and each of them, agreed and conspired with one another
15  to do the things heretofore alleged and to participate in the Scheme.
16
17  47. The outrageous actions of the named defendants,
18  individually and severally, in selling their fraudalent services,
19  engaging in fraud by the use of mails, and using the
20  instrumentality of interstate postal service to engage in fraudulent debt
21  collection practices, to Plaintiff after using interstate print media to
22  market their products, amounted to wire fraud in violation of 18 U.S.C.
23  §1343.
24
25  The conduct of defendants, as set forth
26  above, was undertaken in furtherance of its trade or commerce.
27
28  48.Defendants had knowledge of the 18 U.S.C. §1341 conspiracy or
29  conspiracies as alleged above, had the ability to prevent said conspiracy
30  or conspiracies, but failed to do so, in violation of 18 U.S.C. §1964, et
31  seq. More particularly, Dick Schwartz and Ron Walker, as partners of
32  their law firm, had the
33  power to prevent said conspiracy or conspiracies, but failed to do so.
34
35  49.Defendants had knowledge of the 18 U.S.C. §1341 conspiracy or
36  conspiracies as alleged above, had the ability to prevent said conspiracy
37  or conspiracies, but failed to do so, in violation of 18 U.S.C. §1964, et
38  seq.
39
40  50.Dick Schwartz and Ron Walker and Morgan Dunn O'Connor and their co
41  defendants had knowledge of the 18 U.S.C. §1341 conspiracy or
42  conspiracies as alleged above, had the ability to prevent said conspiracy
43  or conspiracies, but failed to do so, in violation of 18 U.S.C. §1964, et
44  seq.
45
46  51. Plaintiff was a intended target of each RICO defendant's
47  RICO violations; specifically, Plaintiff  was a target of the
48  harms that the predicate  harassing phone calls, misrepresentation,
49  fraud, theft,  intentional infliction of emotional distress, were
50  intended to cause, and federal statutes
51  hem were intended to prevent.
52
53  53. As a direct and proximate result of  defendants
54  RICO-violative activities and their conspiracy and agreement

1  to commit and further those acts, Plaintiff has sufferd damages to his
2  property in the form of the vessel 's treasure was taken and the
3  historic properties. The vessel site was destroyed by defendants.
4  Plaintiff was defrauded and now has a permanent injunction against him.
5  Plaintiff was unable to film the movie that the excavation would have
6  produced. Plaintiff lost his right to excavate the vessel. Plaintiff
7  Losted  control of his properties interest  because defendants claimed to
8  have a stake in Plaintiff's property interest. Plantiff lost
9  part of his business interest to the defendants who claim to have a
10 interest in Plaintiff's businesses. Plaintiff lost the legal case because
11 of defendants.
12
13
14
15 54.Under the provisions of 18 U.S.C. §1964(c), Plaintiff is entitled to
16 bring this action and to recover herein compensatory damages, treble
17 damages, the costs of bringing this suit, and reasonable attorney's fees.
18
19
20
21
22 55. Defendants Dick Schwartz, Ron Walker, Morgan Dunn O'Connor and their
23 co defendants representations were unconscionable, false, deceptive or
24 misleading because they suggested or implied that Plaintiff was being
25 sued by a real person and not the fictitious person that the defendants
26 had created in order to defraud Plaintiff. Plaintiff was also told and
27 induced into believing that Defendant Dick Schwartz and law firm were
28 required by law to represent Plaintiff. Plaintiff was tricked by
29 defendant Dick Schwartz into believing that the old case Smith vs the
30 Abandoned Vessel cv 07-784 had been refiled due to the fact that
31 defendant Dick Schwartz was senting Plaintiff invoices and billing for
32 that case and defendants led Plaintiff to believe that he was litigating
33 the old case and that the old contingency agreement was still in place.
34 This was done to defraud Plaintiff. Defendants knew that the
35 representation made to Plaintiff were completely and utterly false.
36
37
38
39
40 56.Defendants Dick Schwartz, Babe Schwartz, Ruth  Karper and Schwartz,
41 Junnell, Greenberg and Oathout represented Nathan Smith without his
42 consent. They used the mail, wire and telephone to carry out  their
43 scheme to defraud Plaintiff when they represented Plaintiff without his
44 consent and had the bogus injunction put against Plaintiff so that they
45 could further their scheme to defraud Plaintiff. This was a
46 further violation of the RICO ACT and it was done in a conspiracy to
47 defraud Plaintiff within the meaning of 18 U.S.C. §1961(5)
48 . These acts thus constituted a pattern of racketeering activity
49 57. During the time that the Defendant allegedly illegally represented
50 Plaintiff, Defendants did not have a written contingency agreement  with
51 Plaintiff as required by law and Plaintiff had not authorized the
52 defendants to represent him at the time of their illegal representation.
53 Defendants also were filing briefs on behalf of the party suing
54 Plaintiff. This was all unknown to Plaintiff.  Defendants also were best

friends with the defendant that was suing Plaintiff. Defendants kept
these facts hidden from Plaintiff. Defendants engaged in a scheme to
defraud Plaintiff during their illegal representation of Plaintiff.
Defendants did conspire with their friend who was suing Plaintiff to
defraud Plaintiff out of the vessel, the vessel contents and his right to
excavate the vessel. Defendants illegal representation and actions
resulted in Plaintiff losing the right to excavate the vessel. The
defendants actions also allowed the vessel site to be looted and the
contents of the vessel to be stolen. Defendants did conspire with
the other co defendants listed in this action to defraud Plaintiff.
Defendants also conspired to aid the other named defendants in their
scheme to defraud Plaintiff. The actions of these defendants was done in
a joint conspiracy with the other named defendants in order to allow them
to steal the contents of the vessel and destroy the vessel site.
Defendant Dick Schwartz accepted service of documents on Plaintiff's
behalf even though he was not authorized to do so and Plaintiff had not
hired defendant Dick Schwartz and his law firm to represent him for the
Morgan Dunn O'Connor Jr. injunction and petition and their friend
defendant Commissioner Jerry Patterson's   injunction and motion to
intervene at the time that they accepted service of the documents.
Defendant Dick Schwartz and his co defendants did willfully and
neligently handle Plaintiff case in order to  enable the other named
defendants to place their bogus injunctions on Plaintiff. Defendant Dick
Schwartz and his co defendants attempted to defraud Plaintiff by
representing Plaintiff without his permission or a contingency agreement
in place as required by law. Defendant Dick Schwartz, Ruth karper, Babe
Schwartz and Schwartz Junnell Greemberg and Oathout knew about the
fraudalent activities of their co defendant. They did conspire to allow
their co defendants to defraud Plaintiff when they accepted the bogus
documents from their co defendants. Dick Schwartz lied to Plaintiff
regarding what day the documents were served on him and his law firm.


    Plaintiff incorporates and realleges paragraphs 1- 133 against all the
named defendants as set forth in Plaintiff's complaint for damages
58. Dick Schwartz had full knowledge beforehand that his co defendants
and their counsel were attaining a bogus injunction against Plaintiff.
Defendant Dick Schwartz did not inform Plaintiff of this fact. Both
defendant Ron Walker and defendant Dick Schwartz knew that they were
committing fraud against Plaintiff when defendant Dick Schwartz accepted
the bogus documents and injunction from defendant Ron Walker. Defendant
Dick Schwartz knew that he was not authorized to act as Plaintiff's
counsel he even indicated this to defendant Ron Walker via email. The
actions of the named defendants was done in a joint conspiracy to defraud
Plaintiff. The actions of both Defendant Dick Schwartz and defendant Ron
Walker constituted negligence and fraud and it cause plaintiff damages in
the amount  billions of dollars. The vessel was a historic vessel
and it highly likely contained treasures /cultural resources eligible for
the National Historic Registry. The acts of defendant Dick Schwartz
and his co defendants was done in a joint conspiracy which resulted in
the loss of the vessel and it's content. This caused Plaintiff damages
in the billions of dollars. Plaintiff could have sold the contents of the
vessel and the vessel on the open market. The vessel  contained gold ,
silver and numerous other treasures and cultural resources. The vessel

and it's content was priceless. Defendant Dick Schwartz and his co
defendants did conspire to defraud Plaintiff out of the vessel and the
contents of the vessel with the scheme that they had created involving
the bogus injunction and the fictitious person Morgan Dunn O'Connor Jr.
Defendant Dick Schwartz and his co defendants did intentionally fail to
properly litigate Plaintiff's matter in order to allow the bogus
injunctions to be permanently placed on Plaintiff. These defendants acted
in a joint conspiracy to defraud Plaintiff. These defendants action
contributed to the losses and damages that Plaintiff has suffered.
Defendants used the mail, wire and telephone to carry out these
fraudalent acts against Plaintiff. All the named defendants acted in
a joint conspiracy with one another by using the mail, wire and telephone
to defraud Plaintiff . Defendants Dick Schwartz, Babe Schwartz,
Ruth Karper and Schwartz Junnell, Greenberg and Oathout used the
telephone in order to facilatate their fraud against Plaintiff. This was
in violation of the RICO ACT. These defendants violated the RiCO ACT when
they sent the fraudalent documents to Plaintiff and the co defendants
using the mail and the wire.


59.Defendant Ron Walker who was counsel for defendant Morgan Dunn
O'Connor defrauded Plaintiff  when he filed the Bogus injunction in State
Court on behalf of Morgan Dunn O'Connor Jr. Defendant Ron Walker was well
aware of the fact that Morgan Dunn O'Connor Jr. was a fictitious person
that him and his co defendants had created. Ron Walker was also aware of
the fact that Morgan Dunn O'Connor Jr. did not own the land that was
mentioned in the bogus injunction. Ron Walker was also aware that the
bogus injunction of Morgan Dunn O'Connor Jr. was not filed in the Court
but received by the Court. Ron Walker was also aware that the Court had
told him that the bogus injunction that he had prepared could not be
served on Plaintiff but the Clerk of the Court was to prepare a
injunction which was in conformity with the law which then could be
served on Plaintiff. Despite defendant Ron Walker being told this by the
Court. Defendant Walker still proceeded to serve the bogus injunction on
Plaintiff. Defendant Walker contacted Defendant Dick Schwartz. Defendant
Walker told Defendant Dick Schwartz that the bogus injunction had been
issued by the Court and that Plaintiff was being sued by Morgan Dunn
O'Connor Jr. Defendant Walker asked Defendant Dick Schwartz if he
represented Plaintiff and if he would accept the bogus injunction and
documents on Plaintiff's behalf. Despite Dick Schwartz informing
defendant Walker that he would have to check with Plaintiff to see if he
was going to be representing him and to see if he could accept the
bogus injunction on Plaintiff behalf. Defendant Walker still proceeded to
serve the bogus documents on Defendant Dick Schwartz who despite not
being Plaintiff's authorized counsel accepted service of the documents
from Defendant Walker on Plaintiff's behalf. Both defendant Walker and
Dick Schwartz were well aware of the fact that defendant Dick Schwartz
was not authorized to accept the documents and he was not Plaintiff's
counsel at the time when he accepted the documents on Plaintiff's behalf.
These defendants had conspired to engage in a scheme to defraud Plaintiff
out of his right to excavate the vessel and in a scheme to loot the
vessel site and steal the contents of the vessel. The bogus injunction
and petition filed by Defendant Walker on behalf of his

fictitious client Morgan Dunn O'Connor Jr. stated  that the documents
would be personally served on Plaintiff at his address.Defendant Walker
was well that the Court had been told that Plaintiff would be personally
served. Despite knowledge of these facts Defendant Walker still proceeded
to serve the documents on Defendant Dick Schwartz who was representing
Plaintiff without  Plaintiff's permission or a agreement from Plaintiff
stating that he was Plaintiff's acting counsel. Defendant Walker also
knew that some of the statements contained in the bogus injunction and
petition were false. Defendant Walker was also aware that he had
misrepresented the Court's order so that he could serve the bogus
injunction and documents on Plaintiff. The actions of this defendant was
done in a conspiracy with the other named defendants. The actions of
these defendants was done in a joint conspiracy with the other named
defendants in order to  allow them to steal the contents of the vessel
and destroy the vessel site. Defendant Ron Walker used the wire ,mail and
telephone to defraud Plaintiff in violation of the RICO ACT. Defendant
Ron Walker sent numerous documents through the mail and wire in a scheme
to defraud Plaintiff this was done in violation of the RICO ACT.
Defendant Ron Walker used the telephone to contact Plaintiff and the co
defendant in  order to facalatate his fraud against Plaintiff. This
violated the RICO ACT. This defendant violated the RICO ACT  when he sent
the documents to Plaintiff using the mail and wire. Defendants used the
mail and wire to sent Plainitff the bogus injunction in a scheme to
defraud Plaintiff. Defendants actions were directed at Plaintiff and
Plaintiff suffered injury and harm along with extreme losses and damages
as a result of the defendants fraudulent actions. Defendant Morgan Dunn
O'Connor directed defendant Ron walker  to file the bogus documents in a
scheme to defraud Plaintiff. These defendants did conspire to defraud
Plaintiff. Defendant Morgan Dunn O'Connor  aidded and abbetted defendant
Ron Walker in the sending of the bogus documents to Plaintiff by mail and
wire. Defendant Morgan Dunn O'Connor aidded defendant Ron Walker in
preparation of the bogus documents which they then conspired with
defendant Dick Schwartz and the other named  defendants to send to
Plaintiff by mail and over the wire in a scheme  to defraud Plaintiff.
Each defendant aidded and abbetted each other in the senting of the
fraudulent documents by mail and wire to Plaintiff and in the commission
of the crime of fraud against Plaintiff.


60. Defendant Terry Carroll helped prepare the bogus documents served by
his co Defendant Ron Walker and he assisted  Ron Walker in their scheme
to defraud Plaintiff. Defendant Terry Carroll used his notary public
illegally to prepare the bogus documents on behalf of the fictitious
person Morgan Dunn O'Connor Jr. Defendant Terry Carroll was engaged in a
scheme to defraud Plaintiff along with his co defendants. The actions of
Terry Carroll and his co defendants Morgan Dunn O'Connor, Ron Walker,
Dick Schwartz and the other named co defendants caused Plaintiff to not
be able to excavate the vessel and it resulted in the treasure being
stolen and the vessel contents being taken by the defendants and their
co conspirators.  Defendant Terry Carroll also was aware that some of the
statements contained in the bogus injunction and documents filed

on behalf of Morgan Dunn O'Connor Jr. were false. The actions of this
defendant was done in conspiracy with the other named defendants.
Defendant Terry Carroll also attempted to cover up the fact that he and
the co defendants  had created the fictitious person Morgan Dunn O'Connor
Jr. by using his position as a Notary Public to alter the bogus
declaration  contained within the bogus injunction and petition filed by
the defendants on behalf of the fictitious person Morgan Dunn O'Connor
Jr. Defendant Terry Carroll also broke the law when he used his position
as a notary public to prepare the bogus documents that he had a interest
in and he was a party to. This was all done in a scheme to defraud
Plaintiff. Terry Carroll was negligent when he used his notary public in
a illegal manner to create the bogus injunction and documents. The
actions of these defendants was done in  a joint conspiracy with the
other named defendants in order to allow them to steal the contents of
the vessel and destroy the vessel site. Defendant
Terry Carroll used the mail, wire and telephone to defraud Plaintiff in
violation of the RICO ACT. Defendant Terry Carroll sent the fraudalent
documents through the mail and wire. Defendant Carroll used the telephone
to facilitate his fraudalent activities against Plaintiff when he
contacted Plaintiff and his co defendants about the fraudalent documents
which was used to defraud Plaintiff. This defendant violated the RICO ACT
when he sent the documents by mail and wire to Plaintiff and his co
defendants in a scheme to defraud Plaintiff.


61. Defendant  Walker ,Keeling and Carroll  was the law firm that
created the bogus documents and the fictitious person  Morgan Dunn
O'Connor Jr. This was done in a conspiracy and scheme to defraud
Plaintiff. Their actions allowed the vessel site to be looted and the
contents of the vessel to be stolen. The bogus documents filed by the law
firm on behalf of the fictitious person Morgan Dunn O'Connor Jr. caused a
injunction to be placed on Plaintiff. Plaintiff could not excavate the
vessel due to the bogus injunction. Defendant was negligent when they
allowed their Co defendants to prepare the documents for a fictitious
person and when they allowed the documents to be served on defendant Dick
Schwartz who was not Plaintiff's authorized counsel. Defendant was
negligent when allowed defendant Walker to serve the bogus injunction.
Defendant committed fraud when they prepared the bogus documents and
served them on defendant Dick Schwartz who they knew was not authorized
to act as Plaintiff's counsel. Defendant Walker, Keeling and Carroll law
firm engaged in a conspiracy to defraud Plaintiff and to assist co
defendant Dick Schwartz in his illegal representation of Plaintiff. This
was all done in a conspiracy and scheme to defraud Plaintiff out of his
right to excavate the vessel and in a scheme and conspiracy to steal the
contents of the vessel and destroy the vessel. Walker, Keeling and
Carroll represented the fictitious person Morgan Dunn O'Connor Jr. even
though they  knew that in doing so and by filing documents on behalf of a
fictitious person Plaintiff could be harmed and Plaintiff was harmed
because  of the actions of Walker, Keeling and Carroll. The actions of
this defendant was done in conspiracy with the other named defendants.The
actions of these defendants was done in a joint conspiracy with the other
named defendants in order to allow them to steal the contents of the

vessel and destroy the vessel site. Defendant Walker Keeling and Carroll used the mail, wire and telephone to aid them in their fraud against Plaintiff. This was done in violation of the RICO ACT. These defendants violated the RICO ACT when they sent the fraudalent documents to Plaintiff and their co defendants in a scheme to defraud Plaintiff.

62. Defendant Jeffery Hart also defrauded Plaintiff when he served the injunction filed by defendant Jerry Patterson on defendant Dick Schwartz who was not authorized to accept service of process on Plaintiff's behalf. At no point did Plaintiff authorize Dick Schwartz to be his counsel for the injunction filed by defendant Jerry Patterson. Jeffery Hart did not try to contact Plaintiff at any point to see if defendant Dick Schwartz and his co defendants were Plaintiff's legal counsel and that they had been authorized by Plaintiff to act as Plaintiff's counsel. Defendant Jeffery Hart told the Court that the injunction and motion to intervene that was filed by defendant Commissioner Jerry Patterson was unopposed by Plaintiff. Defendant Jeffery Hart was well aware that he had not spoken to Plaintiff or to Plaintiff's attorney regarding the injunction and the motion to intervene. Defendant Jeffery Hart was well aware of the fact that defendant Commissioner Jerry Patterson was good friends with Dick Schwartz and defendant Babe Schwartz. These individuals had devised a scheme to allow defendant Commissioner Jerry Patterson to intervene into the matter involving the bogus injunction of MOrgan Dunn O'Connor Jr with opposing the intervention or telling Plaintiff about the intervention. Defendant Dick Schwartz did not inform Plaintiff about the intervention of his friend defendant Commissioner Jerry Patterson. These defendants also conspired to allow the injunction filed by defendant Commissioner Jerry Patterson who was defendants Dick Schwartz and Babe Schwartz friend to be placed on Plaintiff without opposition. Defendants Dick Schwartz and Babe Schwartz did not tell Plaintiff that they had allowed their friend defendant Commissioner Jerry Patterson and his counsel Jeffery Hart to put a injunction on Plaintiff without opposing the injunction. This was all done in a conspiracy to defraud Plaintiff. Defendant Jeffery Hart lied to the Court when he told the Court that Plaintiff did not oppose the filing of the injunction against him and the intervention of defendant Commissioner Jerry Patterson who was the friend of defendants Dick Schwartz and Babe Schwartz. Defendant Jeffery Hart was well aware of the fact that defendant Dick Schwartz and Babe Schwartz and their other named co defendants were representing Plaintiff illegally. Defendant Jeffery Hart was negligent when he served the injunction and motion to intervene on defendant Dick Schwartz whom he knew was representing Plaintiff illegally in a scheme to defraud Plaintiff. These defendants did conspire to defraud Plaintiff. The actions of these defendants was done in a joint conspiracy with the other named defendants in order to allow them to steal the contents of the vessel and destroy the vessel site. Defendant Hart used the mail, wire and telephone to aid in his scheme to defraud Plaintiff. Defendant Hart sent the fraudalent documents via mail and wire in a scheme to defraud Plaintiff to Plaintiff. This defendant violated the RICO ACT when he sent the fraudalent documents by mail and wire to his co defendants

and Plaintiff in a scheme to defraud Plaintiff. Defendant Jeffery Hart's
fraudulent actions were directed at Plaintiff and caused Plaintiff harm
and damages and extreme losses including the loss of the treasure and the
contents of the vessel. The destruction of the vessel site and numerous
lost business opportunities. Defendant Jeffery Hart actions were done in
a joint conspiracy with the other named defendants contained in this
complaint.  Defendant Jerry  Hart also used the documents of his co
defendants to defraud Plaintiff. Defendant Jerry Hart and his co
defendants did join their pleadings with the fictitious person Morgan
Dunn O"Connor pleadings in a scheme to defraud Plaintiff. Defendant
Jeffery Hart used the mail and wire to send the fraudalent documents to
Plaintiff. Defendant Jeffery Hart and defendant Dick Schwartz also lied
about when the documents were served on defendant Dick Schwartz and his
co defendants who once again represented Plaintiff without his
authorization or consent in order to allow his friend defendant
Commissioner Jerry Patterson to sue Plaintiff so that they could defraud
Plaintiff.

63. Defendant Bruce Bennett did assist in the preparation of the
documents used by his co defendant Jeffery Hart and their co defendants
in a scheme to defraud Plaintiff. Bruce Bennett was well aware of the
fact that defendant Dick Schwartz and Babe Schwartz and their named
co defendants including his partner defendant Jeffery Hart were engaged
in a conspiracy to defraud plaintiff by getting the
injunction placed on Plaintiff. Defendant Bruce Bennett was aware of the
fact that defendant Dick Schwartz and Babe Schwartz
were friends with their client defendant Commissioner Jerry Patterson and
that they were not authorized to act as Plaintiff's
counsel. Despite knowledge of these facts Bruce Bennett still assisted
the defendants in their scheme to defraud Plaintiff.
The actions of the named defendants were done in conspiracy with one
another in a scheme to defraud Plaintiff. All the named
defendants did conspire together to defraud Plaintiff. The actions of
these defendants was done in a joint conspiracy with the other named
defendants in order to allow them to steal the contents of the vessel and
destroy the vessel site. Defendant Bennett used the mail, wire and
telephone to aid him in his scheme to defraud Plaintiff. This was done in
a joint conspiracy with the other named co defendants.  Defendant Bennett
mailed and wired the fraudalent documents to his co defendants and
Plaintiff in a scheme to defraud Plaintiff. These acts were in direct
violation of the RICO ACT. The acts of theses named defendants were
committed in a joint conspiracy to defraud Plaintiff when the defendants
used the mail, wire, and telephone to defraud Plaintiff. Plaintiff
suffered damages and losses as a result of all the named defendants
actions. Defendant Bennett was joined in a conspiracy with the other
named defendants to defraud Plaintiff. Defendant Bruce Bennett did aid
and direct the actions of his co defendants and defendant Commissioner
Jerry Patterson in carrying out their fraudulent scheme against
Plaintiff.

64. Defendant Morgan Dunn O'Connor also assisted, aided and directed the co defendants in their scheme to defraud Plaintiff. Defendant Morgan Dunn O'Connor allowed her name to be altered in order to create the fictitious person Morgan Dunn O'Connor Jr. Morgan Dunn O'Connor allowed her counsel to create the bogus injunction that was served on Plaintiff in order to defraud Plaintiff. Morgan Dunn O'Connor was fully aware of the fact that defendant Dick Schwartz was not authorized to act as Plaintiff's counsel when he accepted the bogus injunction from defendant Morgan Dunn O'Connor 's counsel. Defendant Morgan Dunn O'Connor allowed her counsel to misrepresent the order of the Court in order to defraud Plaintiff and to be able to place the bogus injunctions created by defendant Ron walker on behalf of the fictitious person Morgan Dunn O'Connor Jr. Morgan Dunn O'Connor allowed her counsel to defraud Plaintiff when her counsel conspired with defendant Dick Schwartz to represent Plaintiff without his consent. Morgan Dunn O'Connor committed fraud when she allowed her counsel to email the bogus injunction and documents to Plaintiff in order to get a injunction placed on Plaintiff which caused Plaintiff not to be able to excavate the vessel. The actions of Morgan Dunn O'Connor resulted in the vessel site being looted and the content of the vessel being stolen. The actions of these defendants was done in conspiracy with one another and the other named defendants in order to allow them to steal the treasure and contents of the vessel and destroy the vessel site. Defendant Morgan Dunn O'Connor and her co conspirators cut a half mile road into a federally protected wetland out to the vessel site were they proceeded to excavate the vessel site and steal the contents of the vessel. Plaintiff had not authorized defendant Morgan Dunn O'Connor and her co defendants to conduct a excavation of the vessel site or to remove the contents of the vessel. Morgan Dunn O'Connor and her co defendants broke numerous federal laws when they cut the road into the wet land and looted the vessel site. This was all done in a joint conspiracy to defraud Plaintiff out of his right to excavate the vessel and to defraud Plaintiff out of the contents of the vessel. Defendant Morgan Dunn O'Connor bribed defendant Commissioner Jerry Patterson into suing Plaintiff and into getting the bogus injunction against Plaintiff even though the State had already consented to Plaintiff excavating the vessel. Morgan Dunn O'Connor used her influence to get defendant Commissioner Jerry Patterson to sue Plaintiff in order to be able to defraud Plaintiff. Morgan Dunn O'Connor attempted to cover up the fact that she had provide defendant Commissioner Jerry Patterson with the documents that he used to sue Plaintiff. Defendant Morgan Dunn O'Connor committed a crime when she helped her counsel create the fictitious character Morgan Dunn O'Connor Jr. Defendant Morgan Dunn O'Connor committed perjury during her attempt to defraud Plaintiff. Defendant O'Connor used the mail,wire and telephone to aid in her scheme to defraud Plaintiff. Defendant O'Connor acted in a joint conspiracy with the other named defendants to use the mail, wire and telephone to defraud Plaintiff. Defendant O'Connor aidded her co defendants in preparing the fraudalent documents used to defraud Plaintiff that were sent over the mail and wire. Defendant Morgan Dunn O'Connor also used the telephone to aid her in her fraudalent scheme against Plaintiff. These acts were all done in direct violation of the RICO ACT. Defendant O'Connor and her co defendants in a joint conspiracy

to defraud Plaintiff sent numerous fraudalent documents through the mail and wire to Plaintiff and to the co defendants In a scheme to defraud Plaintiff. Defendant Morgan Dunn O' Connor directed and aidded defendants Ron Walker and Terry Carroll and the law firm of Walker, Keeling and Carroll in sending the fraudalent documents by United States mail and over the wire to Plaintiff in a scheme to defraud Plaintiff. Defendant Morgan Dunn O'Connor did allow her name to be altered and used in a fraudalent manner in  a scheme to defraud Plaintiff. Defendant Morgan Dunn O'Connor and her co defendants directed their fraudulent actions at Plaintiff and their fraudulent actions resulted in Plaintiff suffering harm and losses in the form of the loss of the treasure and the contents of the vessel and numerous other losses as setforth in Plaintiff's complaint for damages Defendant Morgan
Dunn O'Connor did act in collusion, and at the direction of and in a joint conspiracy collectively with the named defendants in a scheme to defraud Plaintiff using the fictitious person Morgan Dunn O'Connor Jr. Plaintiff suffered damages and losses to the tune of Thirteen Billion Dollars ($13,000,000,000.00)
dollars as a result of the fraudulent actions of defendant Morgan Dunn O'Connor and her co defendants who  violated the RICO ACT when they used the mail, wire and telephone to defraud Plaintiff.


65. Defendant Brien O'Connor Dunn   allowed the named defendants to use his Trust  in order to be able to carry out their scheme to defraud Plaintiff. Defendant Brien O'Connor allowed his sister Morgan Dunn O'Connor and her counsel to create the fictitious person Morgan Dunn O'Connor Jr. in order to be able to defraud Plaintiff. Defendant Brien O'Connor Dunn  did conspire with the other named defendants to defraud Plaintiff. Defendant Brien Dunn O'Connor helped the other named defendants  steal the contents of the vessel and He helped the co defendants destroy the vessel site. Defendant
Brien Dunn O'Connor did conspire with the named defendants to mail the bogus documents to Plaintiff. Defendant Brien O'Connor Dunn did allow his counsel to serve the bogus documents on defendant Dick Schwartz who was not authorized to accept service of the bogus documents on Plaintiff's behalf. Defendant Brien O' O'Connor Dunn  allowed his counsel to misrepresent the order of the Court in order to be able to serve the bogus injunction on Plaintiff which was created with the fictitious person Morgan Dunn O'Connor Jr. as the person that was suing Plaintiff. Brien Dunn O'Connor was well aware of the fact that there was no Morgan Dunn O'Connor Jr. Despite knowledge of these facts he still allowed his Trust to be used by the fictitious person Morgan Dunn O'Connor Jr. Defendant Brien Dunn O'Connor did conspire with the defendant to carry out this illegal acts in a scheme to defraud Plaintiff. ALL the named defendants acted in a joint conspiracy to defraud Plaintiff and to steal the contents of the vessel and loot the vessel site.Defendant Dunn also used the mail, wire and telephone to aid in his scheme to defraud Plaintiff with the help of his co defendants. Defendant did conspire with his co defendants to sent documents to Plaintiff and his co defendants using the mail and the wire. This was done in direct violation of the RICO Act in a concerted effort to defraud Plaintiff. Defendant Dunn acted in a  joint conspiracy along with the other named defendants

to use the mail and wire to sent the fraudalent documents to Plaintiff and the co defendants. This was done in direct violation of the RICO ACT.


66. Defendant Dunn O'Connor family trust was also used to defraud Plaintiff when a mineral deed was placed on the site and ownership was claimed by the Dunn O'Connor family trust. This was done in a joint conspiracy with the co defendants. Plaintiff incorporates  paragraph 1-12 for defendant Dunn O'Connor family trust. This defendant did act in a joint conspiracy with the other co defendants to defraud Plaintiff. Defendant Dunn O'Connor family trust used the mail, wire and telephone in collusion and in a joint conspiracy with the named defendants to defraud Plaintiff. DefendantDunn O'Connor family trust allowed  defendant Morgan Dunn O'Connor in a joint conspiracy with the other named defendants to send the fraudulent documents to Plaintiff and the co defendants and to numerous other parties using the mail and wire in direct violation of the RICO ACT.


67. Defendant Marie Sorenson Estate  sued Plaintiff also using the bogus documents created by the named co defendants. This was done in a joint conspiracy with the co defendants. Plaintiff incorporates paragraph 1-75 for the other named defendants and for defendant Marie Sorenson Estate. This defendant did act in a joint conspiracy with the other named defendants to defraud Plaintiff. Defendant Marie Sorenson Estate used the mail, wire and telephone in collusion and in a joint conspiracy with the named defendants to defraud Plaintiff. Defendant Marie Sorenson Estate allowed  defendant Morgan Dunn O'Connor in a joint conspiracy with the other named defendants to send the fraudalent documents to Plaintiff and the co defendants and to numerous other parties using the mail and wire in direct violation of the RICO ACT.


68. Defendant Commissioner Jerry Patterson did allow his counsel and he also directed and assisted his counsel in using the bogus documents filed by the fictitious person Morgan Dunn O'Connor Jr. and the co defendants in a conspiracy to defraud Plaintiff. Defendant Commissioner Jerry Patterson and the Texas Coastal Council that he chaired had consented to the excavation of the vessel by Plaintiff. Despite having knowledge of these facts defendant Commissioner Jerry Patterson still sought a injunction against Plaintiff. Defendant Patterson allowed his counsel to serve the injunction on defendant Dick Schwartz even though he was well aware that defendant Dick Schwartz was not Plaintiff's authorized counsel and Plaintiff had not authorized defendant Dick Schwartz to accept service of the injunction and motion to intervene on Plaintiff's behalf. Defendant Dick Schwartz lied about when he recieved the documents from his friend defendant Commissioner Jerry Patterson in order to cover up the fraud that was being committed by his friend defendant Patterson. Defendant Jerry Patterson allowed his counsel to lie to the Court when they told the Court that Plaintiff did not oppose the intervention and injunction that was filed by defendant Commissioner Jerry Patterson. Defendant Commissioner Jerry Patterson and his counsel had not contacted or spoken to Plaintiff or his authorized counsel regarding the motion to

intervene or the injunction  so how could Plaintiff have told them that
he did not oppose the motion or the injunction. Defendant Commissioner
Jerry Patterson used the fraudalent petition and summary judgment motion
and documents of the fictitious person Morgan Dunn O'Connor jr in order
to defraud Plaintiff and place the bogus injunctions on Plaintiff.
Defendant Commissioner Jerry Patterson did conspire with defendant Dick
Schwartz and his law firm to defraud Plaintiff. Defendant Babe Schwartz
who was also illegally representing Plaintiff also filed a brief on
behalf of his friend
defendant Commissioner Patterson during the same time that he was
illegally representing plaintiff. Defendant Commissioner Jerry Patterson
was well aware of the fact that his friends defendant Babe Schwartz and
defendant Dick Schwartz were illegally representing Plaintiff.
Defendant Commissioner Jerry Patterson did conspire with Dick Schwartz to
defraud Plaintiff in order to allow the bogus injunctions
to be placed on Plaintiff. Defendant Morgan Dunn O'Connor did bribe
defendant Commissioner Jerry Patterson to wrongfully sue Plaintiff.
Defendant Morgan Dunn O'Connor supplied defendant Commissioner Jerry
Patterson with the documents that he used to sue plaintiff and the
documents that he used to attain the injunction against Plaintiff.
Defendant Commissioner Jerry Patterson used a fictitious person's
documents to get a injunction against Plaintiff. Defendant Commissioner
Jerry Patterson  and his counsel knew that Morgan Dunn O'Connor Jr. was a
fraud and a fictitious person that was created by his co defendant Morgan
Dunn O'Connor and her counsel defendants Walker and Carroll and their law
firm. Despite having knowledge of these facts they still used Morgan Dunn
O'Connor Jr. 's fraudulent documents to aid them in getting a
injunction against Plaintiff. This was all done in a joint conspiracy
with the other named defendants. Plaintiff incorporates paragraphs
1-133 also.  Defendant Commissioner Jerry Patterson did act in unison and
in a joint conspiracy with his friends defendants Dick Schwartz,
Babe Schwartz, and Morgan Dunn O'Connor and the other named defendants in
a conspiracy to defraud plaintiff and to deny Plaintiff
substantive due process rights and to deny Plaintiff his right to
substantive due process. The actions of defendant Commissioner Jerry
Patterson constituted negligence. Despite already having approved
Plaintiff's permit to excavate the vessel. Defendant Commissioner
Jerry Patterson at the request  and with the bribery of Morgan Dunn
O'Connor still proceeded to sue Plaintiff and have the bogus injunctions
placed on Plaintiff. This was all done in a conspiracy to defraud
Plaintiff. Plaintiff suffered damages in the millions and potentially
billions of dollars because of the actions of defendant Commissioner
Jerry Patterson who was engaged in a joint conspiracy with the named
defendants to defraud plaintiff. Defendant Commissioner Jerry Patterson
in a joint conspiracy with the named defendants did conspire to steal the
contents of the vessel and  to loot the vessel site thereby causing
Plaintiff to suffer $13,000,000,000 billions  dollars in damages and
losses which is the estimated value of the vessel and its content and the
lost potential revenue streams that the vessel and its content would have
generated. Defendant Patterson in  a collusion and in a joint conspiracy
with the other named defendants did use the mail, wire and telephone in a
scheme to defraud Plaintiff. Defendant Patterson did conspire with the co
defendants to send the fraudalent documents through the mail and wire in
a scheme to defraud Plaintiff. This was done in  direct violation of the

RICO ACT. All the acts of the named defendants were done in collusion and in a joint conspiracy to defraud Plaintiff by using the mail, wire and telephone to aid them in their scheme to defraud Plaintiff. Numerous documents in collusion and in a joint conspiracy were sent by the named defendants and defendant Patterson using the mail and wire in a scheme to defraud Plaintiff. This was done in direct violation of the RICO ACT. Defendant Commissioner Jerry Patterson also accepted a bribe from defendant Morgan Dunn O'Connor in exchange for his participation in the fraudulent scheme against Plaintiff.

69.Defendant Texas Coastal Coordination Council was negligent when they allowed their chairman defendant Commissioner Jerry Patterson to sue Plaintiff even though they had pre approved the permit of Plaintiff back in 2007 when they consented to the permits being and issued by the Army Corp of Engineers. The work that would have been done by Plaintiff during the excavation of the vessel was consistent with the Texas Coastal Management  Consistency determination. Plaintiff complied with all laws and rules that were applicable and the Coastal Coordination website and record concerning Plaintiff showed that no permit was needed in order for Plaintiff to  be able to excavate the vessel. CFR 930.62 - State agency concurrence with a consistency certification.(a) At the earliest practicable time, the State agency shall notify the Federal agency and the applicant whether the State agency concurs with or objects to a consistency certification. The State agency may issue a general concurrence for minor activities (see ? 930.53(b)). Concurrence by the State agency shall be conclusively presumed if the State agency's response is not received within six months following commencement of State agency review.

Defendant Texas Coastal Coordination Council violated Plaintiff's right to substantive due process during the permitting process when they allowed their chairman to sue Plaintiff and claim that Plaintiff did not have consent from the State of Texas even though Plaintiff did have consent from the State of Texas. Plaintiff incorporates paragraphs 1-15. Defendant Patterson in  a collusion and in a joint conspiracy with the other named defendants did use the mail, wire and telephone in a scheme to defraud Plaintiff. Defendant Patterson did conspire with the co defendants to send the fraudalent documents through the mail and wire in a scheme to defraud Plaintiff. This was done in  direct violation of the RICO ACT. All the acts of the named defendants was done in collusion and in a joint conspiracy to defraud Plaintiff by using the mail, wire and telephone to aid them in their scheme to defraud Plaintiff. Numerous documents in collusion and in a joint conspiracy were sent by the named defendants and defendant Patterson using the mail and wire in a scheme to defraud Plaintiff. This was done in direct violation of the RICO ACT. The Texas Coast Coordination council and its members used the mail, wire and telephone to commit the fraud against Plaintiff. Defendant Patterson and the Texas Coastal Coordination Council did conspire and collude to defraud Plaintiff by using the mail and wire to defraud Plaintiff. Defendant Texas Coastal Coordination Council allowed and colluded with defendant Patterson to defraud Plaintiff by using the mail and wire to send the documents to their co defendants who were engaging in a scheme

1  to defraud Plaintiff. This was done in collusion and in a joint
2  conspiracy among all the named defendants in a scheme to defraud
3  Plaintiff. The acts of defendant the Texas Coastal Coordination
4  Council was doner in direct violation of the RICO ACT. Plaiintiff
5  suffered losses and damages a result of the defendants unlawful acts.
6
7
8
9  70.Defendant State of Texas was negligent when they allowed defendant
10  Commissioner Jerry Patterson to sue Plaintiff for
11  not having consent from the State of Texas to do the excavation of the
12  vessel. Plaintiff did have consent from the State of Texas. Defendant the
13  Coastal Coordination Council and defendant Commissioner Jerry Patterson
14  were well of the fact that Plaintiff had consent because the records at
15  the Texas Coordination Council which is located at the Texas
16  General Land office showed that no permit was needed. Defendants the
17  Texas Coastal Coordination Council and Commissioner Jerry Patterson
18  did conspire to defraud Plaintiff along with the other named defendants
19  by filing the bogus injunction against Plaintiff.
20  Defendant State of Texas violated Plaintiff's right to substantive due
21  process by denying Plaintiff the right to excavate the
22  vessel even though the Texas Coordination Council and the General Land
23  Office had consented to the work contained in Plaintiff's
24  permit. Plaintiff incorporates by reference paragraphs 1-16 against all
25  the named defendants. Defendant State of Texas was negligent
26  for allowing defendant Commissioner Jerry Patterson to defraud plaintiff
27  along with his co conspirators and named defendants.
28  The actions of the State of Texas and their negligence along with their
29  violation of Plaintiff's right to substantive due process
30  caused $13,000,000,000 billion dollars in losses and damages which
31  Plaintiff suffered because of the actions of defendant Commissioner
32  Jerry Patterson and his co conspirators the named defendants in this
33  complaint for damages. Defendant Texas used the mail, wire and
34  telephone to defraud Plaintiff. Defendant Texas sent numerous documents
35  using the mail and wire in a scheme to defraud Plaintiff.
36  Defendant Texas did conspire and collude with the other named defendants
37  to use the mail and wire to carry out their fraudalent
38  scheme against Plaintiff. The acts of defendant Texas was done in
39  collusion and in a joint conspiracy with the other named defendants
40  in a scheme to defraud Plaintiff. Defendant Texas was well aware of the
41  fact that the co defendants were using the mail and wire
42  to defraud Plaintiff. Defendant Texas did allow the co defendants to use
43  the mail, wire and telephone to defraud Plaintiff. Plaintiff
44  suffered damages and losses as a result of the collusion and joint
45  conspiracy to defraud Plaintiff committed by the names defendants.
46  These acts were committed in direct violation of the RICO ACT.
47
48
49
50
51  FACTUAL BACKGROUND
52  FIRST COUNT
53  (Breach of duty; Breach of Contract; Negligence, Fraudalent
54  misrepresentation, fraud, conversion, RICO ACT Claims)

71.    Plaintiff incorporates paragraphs 1-133 and 1-70 as contained in the Statement of Plantiff's case into this factual background. These defendants did aid, assist and direct each other in a civil conspiracy to defraud Plaintiff out of a treasure, a historic vessel, the vessel's content and the right to excavate the vessel and the named defendants in a conspiracy to defraud Plaintiff did violate the Rico Act by mailing, and wiring the bogus documents to Plaintiff in furtherance of their conspiracy and scheme to defraud Plainitff. They also violated Plaintiff's right to substantive due process during their scheme to defraud Plaintiff. The defendants fraudalent activities were directed at Plaintiff and Plaintiff was harm and damaged and suffered extreme losses as a result of the defendants fraudulent activities which consisted of numerous RICO violations. Defendants were well aware that their actions would cause Plaintiff harm and might result in a lawsuit against the defendants. Plaintiff had already filed a claim against the defendants. Despite having knowledge and being fore warned that Plaintiff would file a lawsuit for any fraudalent activities committed against Plaintiff or for any violation of Plaintiff's rights. Defendants still carried out their Rico violations and activities against Plaintiff in a scheme to defraud Plaintiff. All the named defendants asissted , directed aidded, colluded and jointly conspired to defraud Plaintiff. The defendants RICO violations and activities did defraud Plaintiff. 49. In 2008 NATHAN SMITH (SMITH) a treasure hunter  hired Dick Schwartz and his law firm to represent him regarding a Abandoned Vessel that Plaintiff had found in Refugio Texas. That case was titled Smith vs the Abandoned Vessel, case # 07-784. A contingency agreement was signed by both parties. This contingency agreement only covered the Smith vs the Abandoned Vessel matter. The contingency agreement specifically states that it would not cover any additional or other  matters unless agreed to by the parties in a written agreement signed by both parties . Those parties being Plaintiff and  a representative of the Law firm or defendant Dick Schwartz. The vessel carried gold and silver and other precious and priceless artifacts. The Army Corp of Engineers determined that the vessel site was highly likely to yeild cultural resources eligible for the National Registry of Historic Places and Steve Hoyt of the Texas Historical Commission in their monthly newsletter indicated that there was a historic vessel which Plaintiff had to do a survey for. Plaintiff also got gold and silver readings at the vessel site.  A engagement letter or contingency agreement between Plaintiff and Defendant was consummated for the Smith vs the Abandoned Vessel matter. Defendant Dick Schwartz, and his firm along with his law partners were hired by Plaintiff to litigate the Smith vs the Abandoned Vessel Matter. They were required to get a judgment, salvage award or settlement for Plaintiff  as outlined in the contingency agreement signed by the parties. In the event that this did not happen then the law firm would not be entitled to a percentage of the vessel content or a percent of the value of the vessel's content nor would the firm or defendant Dick Schwartz, Babe Schwartz or Ruth Karper or the Firm be entitled to any of the property interests of Plaintiff. The case was trialed and dismissed by the federal Court with no judgment , salvage award or settlement attained for Plaintiff by defendant Dick Schwartz and his firm and the other co defendants. Defendant Dick Schwartz sent Plaintiff    emails indicating that the Smith vs the Abandoned Vessel case or matter had been

.lost and that we did not prevail at trial. There was a final Judgment entered in Smith vs the Abandoned vessel case 07-784. Plaintiff was told by defendant Dick Schwartz and his law partners and the firm that the judgment was final and the case was over. There were no additional legal matters pending and Plaintiff had not retained the Firm or defendant Dick Schwartz to handle or represent him in regards to any other legal matters. The contingency agreement was no longer binding on Plaintiff or valid because no judgment,
salvage award or settlement was attained by defendant Dick Schwartz or the Firm in order for them to be entitled to the percentages and terms contained in the contingency agreement covering Smith vs the Abandoned Vessel 07-784. The contingency agreement aslo would not apply to any other matters. Plaintiff had not agreed in writing or orally or any in other form of communication that the 2008 contingency agreement between Plaintiff, Dick Schwartz and the Firm would cover any other legal matters or cases that would arise in the future. In late 2009 because the defendants had not attained Plaintiff the right to salvage the vessel. Nor did they attain a settlement or judgment in Plaintiff's favor. Plaintiff applied for a permit to excavate the vessel from the Army Corp of Engineers and the State of Texas. Plaintiff was granted the right to excavate
the vessel by the Army Corp of Engineers and the State of Texas. Plaintiff no longer needed defendant Dick Schwartz or his Firm to get him the right to salvage the vessel and the defendants were made aware of these facts. In 2010 Plaintiff decided that he would begin his project to excavate the vessel site and recover what was left of the vessel and the contents of the vessel.

72.Around 3-10-10 Plaintiff recieved a email from defendant Dick Schwartz indicating to Plaintiff that on 3-9-10 the law firm and him were served with a Temporary Restraining Order, A petition for a injunction and bond affidavit and they had accepted it on Plaintiff's behalf from Defendant Ron Walker who was counsel for defendant the Marie Sorenson Estate. Defendant Dick SchwartZ and his Firm were not Plaintiff's counsel of record for the injunction matter when they accepted service of the documents as Plantifff's counsel. Defendant Ron Walker and Defendant Morgan Dunn O'Connor were also aware of these facts because the documents indicated that Plaintiff would be served at his address. Defendant Ron Walker also asked defendant Dick Schwartz if he was Plaintiff's counsel of record and could he accept service on behalf of Plaintiff. Defendant Dick Schwartz in a email dated 3-10-10 responded to defendant Ron Walker that he would have to check with Plaintiff first to see if it was all right to represent Plaintiff and accept service of the documents as Plaintiff's counsel of record. Instead of defendant Dick Schwartz asking Plaintiff if he could represent Plaintiff and accept service of the documents as Plaintiff's counsel defendant Dick Schwartz without Plaintiff's consent or authorization and without a agreement in place signed by Plaintiff to represent him for the injunction matter chose to act as Plaintiff's counsel and accept the service of the documents from

1  defendant Ron Walker. Defendant Dick Schwartz after representing
2  Plaintiff without his consent lied to Plaintiff about when he actually
3  received the documents from defendant Ron Walker. Defendant Dick
4  Schwartz actually received the documents from defendant Ron Walker on 3-
5  10-10 not 3-9-10 as indicated in the email that was sent to Plaintiff.
6  The emails that were sent to Plaintiff clearly showed that the documents
7  were served on defendant Dick Schwartz and defendant Schwartz Junnell,
8  Greenberg and Oathout on 3-10-10. Defendant Dick Schwartz lied about when
9  he received the documents from defendant Ron Walker in order to defraud
10 Plaintiff and to try to cover up his illegal actions. Defendants Dick
11 Schwartz, Ron Walker and  Schwartz, Junnell, Greenberg and Oathout did
12 conspire to serve the documents on defendant Dick Schwartz
13 who was representing Plaintiff without Plantiff's consent or knowledge.
14 Defendant Dick Schwartz did not contact Plaintiff until after he accepted
15 service of the documents from defendant Ron Walker who knew that
16 defendant Dick Schwartz was not authorized to accept service of the
17 documents as Plaintiff's counsel. As a result of Defendants Dick
18 Schwartz, Ron Walker, Schwartz  Junnell, Greenberg and Oathout , Terry
19 Carroll and Walker Keelings and Carroll law firm's negligence
20 a bogus restraining order was placed on Plaintiff thereby bring a stop to
21 Plaintiff's plan to excavate the vessel.The contents of the vessel were
22 also stolen and the vessel site was looted. Plaintiff had not authorized
23 defendants Dick Schwartz and his firm to act as his Counsel when they
24 accepted the documents from defendant Ron Walker and represented
25 themselves as Plaintiff's counsel of record. Defendant Dick Schwartz ,
26 Ruth Karper, Babe Schwartz and Schwartz, Junnell, Greenberg and Oathout
27 committed fraud when they represented Plaintiff with knowledge or
28 consent. These defendants also committed a fraud against Plaintiff when
29 they lied to Plaintiff and misrepresented  the facts surrounding the
30 accepting of service of the documents by defendant Dick Schwartz and the
31 co defendants who had represented Plaintiff ithout his knowledge and
32 without his consent.When Plaintiff confronted defendant Dick Schwartz
33 and his co defendants about their illegal representation. Plaintiff was
34 first told   by Defendant Dick Schwartz  that the agreement covering the
35 illegal representation for the other matters consisted of conversations
36 and emails. When Plaintiff asked defendant Dick schwartz a second time
37 were was the agreement that covered the illegal representation. Plainitff
38 was informed that the old contingency agreement for Smith vs The
39 Abandoned Vessel 07-784 covered the illegal representation of Plaintiff
40 by defendant Dick schwartz, Babe Schwartz, Ruth Karper, and the law firm
41 of Schwartz, Junnell,Greenberg and Oathout. Plaintiff was told this by
42 defendant Dick Schwartz and his co defendants in order to defraud
43 Plaintiff. Defendant Dick schwartz knew that his statements were
44 completely false and that they were being using to defraud Plaintiff by
45 lying to Plaintiff about what agreement covered the defendants illegal
46 representation of Plaintiff. Defendants statements about conversations
47 and emails constituting the agreement between Plaintiff and the
48 defendants constituted a fraudalent misrepresentation of the facts to
49 Plaintiff. It also constituted a breach of contract also, if the old
50 contingency agreement covered the illegal representation by defendant
51 Dick schwartz and his co defendants.agreement for Smith vs the Abandoned
52 Vessel did cover the illegal representation. which although PLainitff
53 asserts that it does not then defendant Dick Schwartz and his co
54 defendants committed a breach of contract because.the Old contingency

agreement stated specifically that the only way that the old contingency
agreement for Smith vs the Abandoned could apply to any other matters was
if the parties had agreed in writing beforehand. At no point did
Defendant Dick Schwartz or his co defendants inform Plaintiff that he had
agreed in writing that the Old contingency agreement that covered Smith
vs the Abandoned Vessel was  going to cover the new matters. This breach
of contract by the defendants caused Plaintiff damages and losses. It
also caused the vessel content to be stolen and the vessel site to be
looted.The estimated value of the vessel and the content of the vessel
along with the other potential revenue streams that the excavation of the
vessel and the content of the vessel would have generated is
$3,000,000,000 to $13,000,000,000 dollars which Plaintiff suffered in
potential losses due to the negligence, fraud, breach of contract, mail
fraud, wire fraud, fraudalent misrepresentation and  numerous other
malicious and fraudalent acts committed by defendants DIck Schwartz, Babe
Schwartz Ruth Karper, Schwartz, Junnell, Greenberg and Oathout, It
Walker, Terry Carroll, Walker, Keeling and Carroll,Morgan Dunn O'Connor
and the other named co defendants. These defendants sent numerous
documents through the mail and wire and they also used the telephone to
carry out their fraud against Plaintiff. This was done by the defendants
in collusion and in a joint conspiracy to defraud Plaintiff. The
acts of these named defendants who used the mail, wire and telephone to
defraud Plaintiff during their illegal scheme constituted a violation of
the RICO ACT.  More specifically,Plaintiff alleges violations of the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§
1961-68 (West 2001), by use of mail and wire fraud, in violation of 18
U.S.C. §§ 1341 and 1343 (West 2001). Plaintiffs also bring claims based
in state law for fraud, legal malpractice, intentional infliction of
emotional distress, negligent infliction of emotional distress and breach
of contract. ALL of these acts were committed by the named defendants.
Plaintiff further alleges that these representations were made through
"the United States wires and telephones."Plaintiffs claim that the
preceding representations were fraudulent, and avers that defendants made
countless other fraudulent representations Numerous documents that the
defendants new to be fraudalent were sent to plaintiff by mail and wire
and the defendants also used the telephone to defraud Plaintiff.
Plaintiff was sent numerous fraudalent invoices from defendant Dick
Schwartz and his co defendants these fraudalent documents were sent
through the United States Mail in a scheme to defraud Plaintiff.
Defendant Ron Walker sent his fraudalent documents to Plaintiff and his
co defendants  using the mail and the wire. Defendant Ron Walker and his
co defendants used the telephone also in their scheme to defraud
Plaintiff. Defendant Ron Walker and his co defendants sent numerous
documents by emails and the mail and the wire to the co defendants
and also to Plaintiff during a joint conspiracy between the defendants to
defraud Plaintiff. This was in direct violation of th RICO ACT. The
fraudalent acts of these defendants during their violation of the RICO
ACT caused Plaintiff extreme damages and losses. The emails ,invoices and
legals documents were sent by defendant Dick Schwartz and the
codefendants to mislead Plaintiff about the firms illegal representation
of Plaintiff, and to induce Plaintiff to rely to his detriment on
defendant Dick SChwartz's and the co defendants false representation
about the illegal representation  the bogus legal documents and the old

---

1  contingency agreement for Smith vs the Abandoned Vessel cv 07-784, and
2  did in fact mislead Plaintiff.
3
4
5
6
7
8
9  73.Defendants Ron Walker, Terry Carroll, and the law firm of Walker,
10 Keeling and Carroll served the bogus documents on defendant Dick Schwartz
11 and his co defendants even though they knew that defendant Dick Schwartz
12 and his co defendants were not Plaintiff's counsel of record. Defendants
13 Ron Walker, Terry Carroll and the law firm of Walker, Keeling and Carroll
14 were also aware of the fact that the Temporary Restraining Order that
15 defendant Ron Walker claimed was issued by the Court against Plaintiff
16 was in actually not the Temporary Restraining that the Court had issued.
17 The Court had specifically told the defendants that they could not serve
18 the Temporary Restraining Order prepared by defendants Ron Walker, Terry
19 Carroll and the law firm of Walker, Keelings and Carroll on Plaintiff
20 but that the Clerk of the Court was to prepare a Temporary Restraining
21 Order in conformity with the law which then could be served on Plaintiff.
22 A bond was also required to be placed with the Court before the Temporary
23 Restraining Order could be issued by the Clerk of the Court and served on
24 Plaintiff. This was clearly outlined in the bogus Temporary Restraining
25 Order that defendant Ron Walker and his co defendants served on defendant
26 Dick Schwartz who was acting as Plaintiff's counsel without Plaintiff's
27 knowledge or consent to act as Plaintiff counsel and accept service of
28 the documents from defendant Ron Walker and his co defendants.Despite
29 knowledge of these facts and the Court's instructions clearly being
30 allowed in the bogus Temporary Restraining Order that was presented to
31 Plaintiff as a legitimate  Temporary Restraining Order from the Court.
32 Defendant Ron Walker misrepresented the documents in a scheme to defraud
33 Plaintiff and wrongfully get a Temporary Restraining Order placed on
34 Plaintiff. The real Temporary Restraining Order prepared by the Clerk of
35 the Court was never served on Plaintiff. Defendants Ron Walker, Terry
36 Carroll, and the law firm of Walker, Keeling and Carroll chose instead to
37 serve the bogus Temporary Restraining Order on defendant Dick Schwartz
38 and his co defendants who were acting as Plaintiff's counsel without
39 Plaintiff's knowledge or consent. This was done in a scheme to defraud
40 Plaintiff.
41 AS a result of these defendants negligence Plaintiff's whole operations
42 were brought to a standstill and Plaintiff could not excavate the vessel
43 as planned. As a result of the defendants fraudulent misrepresentations,
44 fraud and negligence the vessel's content was stolen and the vessel site
45 was looted by the defendants and their named co defendants. Defendants
46 Dick Schwartz, Babe Schwartz, Ruth Karper and defendant Schwartz,
47 Junnell, Greenberg and Oathout also knew that they were not authorized to
48 accept service of the documents or act as Plaintiff's counsel without the
49 consent or authorization from Plaintiff. They also knew that the
50 Temporary Restraining Order that they had accepted from defendant Ron
51 Walker and his co defendants was bogus. Defendants Dick Schwartz and his
52 co defendants along with defendant Ron Walker and his co defendants
53 misrepresented to Plaintiff that the bogus Temporary Restraining Order
54 was issued by the Court when in actual reality it was created by

---

NATHAN SMITH'S COMPLAINT FOR DAMAGES                                    Page 41

1  defendant Ron Walker and his co defendants in a scheme to defraud
2  Plaintiff. This misrepresentation made by the defendants and the illegal
3  representation of Plaintiff by defendant Dick Schwartz and his co
4  defendants was done to defraud Plaintiff and to trick Plaintiff
5  into believing that the bogus Temporary Restraining Order created by
6  defendant Ron Walker and his co defendants was the Temporary Restraining
7  Order that was prepared by the Clerk of the Court. Which was the one that
8  defendant Ron Walker and his co defendants were instructed by the Court
9  to serve on Plaintiff. The Court specifically
10 told defendant Ron Walker and his co defendants that they were not to
11 serve the bogus Temporary Restraining Order prepared by Defendant Ron
12 Walker on Plaintiff but instead to serve the one prepared by the Clerk of
13 the Court. Defendant Ron Walker and his co defendants disregarded the
14 instructions and order of the Court and proceeded to serve their bogus
15 Temporary Restraining Order on Plaintiff anyway in a scheme to defraud
16 Plaintiff. The fraud, misrepresentations, and  negligence of
17 defendant Ron Walker and his named co defendants resulted in Plaintiff
18 not being able to excavate the vessel. It also resulted in the vessel
19 site being looted and the contents of the vessel being stolen which had a
20 estimated value of $3,000,000,000 to $13,000,000,000 dollars . Plaintiff
21 also lost a lot of business opportunities, investors and other income
22 streams that would have been derived from the vessel and the vessel
23 contents. Plaintiff suffered extreme emotionally distress and financial
24 losses due to the fraudalent and negligent actions of defendants Dick
25 Schwartz, Ruth Karper, Babe Schwartz, Ron Walker, Terry Carroll, the law
26 firm of Schwartz Junnell Greenberg and Oathout and the law firm of
27 Walker, Keeling and Carroll. The defendants actions were done in
28 collusion and in a joint conspiracy to defraud Plaintiff. Defendant Terry
29 Carroll used his notary public in a illegal manner to assit the
30 defendants in their scheme to defraud Plaintiff.  Sue Comstock also used
31 her notary public in a illegal manner to assist the defendants in their
32 scheme to defraud Plaintiff. Defendants Ron Walker, Terry Carroll, and
33 the law firm of Walker, Keeling and Carroll continued to serve the
34 fraudalent legal documents on defendant Dick Schwartz
35 and his co defendants and Plaintiff over the course of a year in a half.
36 This was done in order to aid them in their scheme to defraud Plaintiff.
37 These defendants were well aware of the fraud being committed by
38 Defendant Dick Schwartz and his co defendants and these defendants aidded
39 them in their commission of their fraud against
40 Plaintiff by continuing to send the fraudalent documents through the mail
41 and electronic mail and wire, and by using the phone to defraud
42 Plaintiff. More specifically ,Plaintiff alleges violations of the
43 Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§
44 1961-68 (West 2001), by use of mail and wire fraud, in violation of 18
45 U.S.C. §§ 1341 and 1343 (West 2001). Plaintiffs also bring claims based
46 in state law for fraud, legal malpractice, intentional infliction of
47 emotional distress, negligent infliction of emotional distress
48
49
50
51
52
53

74. Defendant Morgan Dunn O'Connor while acting as trustee for defendant Marie Sorenson's Estate and defendant Brien O'Connor Dunn non exempt trust and the individual defendant Brien O'Connor Dunn allowed her co defendants and counsel to use her name fraudalently in order to prepare the bogus documents. Defendant Morgan Dunn O'Connor allowed defendants Ron Walker, Terry Carroll and the law firm of Walker Keeling and Carroll to create a fictitious person named Morgan Dunn O'Connor Jr. which is the person that is listed as the individual who appeared before the notary public Sue Comstock. The fictitious person Morgan Dunn O'Connor Jr. was the individual named in the declaration that was given to the Court in order to be able to attain the bogus injunction against Plaintiff. Defendant Morgan Dunn O'Connor helped her co defendant Ron Walker and his co defendants prepare the fraudulent documents that were used to sue Plaintiff and to attain the bogus Temporary Restraining Order against Plaintiff. Defendant Morgan Dunn O'Connor committed identity theft when she allowed her counsel to create the fictitious person named Morgan Dunn O'Connor Jr. Morgan Dunn O'Connor Jr. the fictitious person created by the defendants with the aid of defendant Morgan Dunn O'Connor was used as the person who sued Plaintiff. Morgan Dunn O'Connor was well aware of the fact that Morgan Dunn O'Connor Jr. did not exist and that her counsel had created a fictitous person using the name Morgan Dunn O'Connor Jr. Despite being made aware of and knowing these facts. Defendant Morgan Dunn O' Connor still allowed her counsel and co defendants to send and serve the documents on defendant Dick Schwartz and his co defendants who were illegally representing Plaintiff without his consent or knowledge. As a result of the negligence of defendant Morgan Dunn O'Connor. Plaintiff was hit with a temporary restraining order which bought Plaintiff's operations to a standstill and which eventually led to the lost of the vessel and the content of the vessel along with the destruction of the vessel site. As a result of the fraud committed by defendant Morgan Dunn O'Connor when she aidded and allowed her counsel and co defendants Ron Walker, Terry Carroll and the law firm of Walker, Keeling and Carroll to create the fraudalent documents and the fictitious person Morgan Dunn O'Connor Jr. who the the defendants later on used as the person who was attaining the injunction against Plaintiff. As a result of this fraud Plaintiff suffered losses and damages. The estimated damages that Plaintiff suffered due to the lost of the vessel and the treasure and contents of the vessel as a result of defendant Morgan Dunn O'Connor and her co defendants fraudalent actions is $3,000,000,000 to $13,000,000,000 dollars.

Defendant Morgan Dunn O'Connor also made many false representations in order to facilitate her fraud against Plaintiff. Defendant Morgan Dunn O'Connor and her counsel defendant Ron Walker and his co defendants misrepresented to Plaintiff and the Court that Morgan Dunn O'Connor Jr. was a real person and that she owed the land in question and that she had a right to seek a injunction against Plaintiff. Defendant Morgan Dunn O'Connor knew that Morgan Dunn O'Connor Jr. wasn't a real person and she knew that Morgan Dunn O'Connor Jr. didn't own the land that she was seeking a injunction to keep Plaintiff off of. The fraudalent misrepresentation of defendant Morgan Dunn O'Connor resulted in Plaintiff having a permanent injunction placed on his right to excavate the vessel. It also resulted in the treasure and the contents of the vessel being stolen by the defendants. It also resulted in the vessel site being destroyed by the defendants and the co defendants. The damages and losses

---

1   suffered as result of defendant Morgan Dunn O'Connor fraudalent
2   misrepresentations caused estimated losses to the tune of $3,000,000,000
3   to $13,000,000,000 billion dollars. This is what Plaintiff could have
4   generated from the different revenue streams that the excavation of the
5   vessel would have brought and the revenue streams that the treasure and
6   the content of the vessel would have
7   brought in and the other revenue streams through movies and merchandising
8   etc... Defendant Morgan Dunn O'Connor also used the mail, wire and
9   telephone to aid her counsel and co defendants in their conspiracy to
10  defraud Plaintiff. Defendant Morgan Dunn O'Connor sent numerous documents
11  to Plaintiff via email, wire and electronic mail in a scheme to defraud
12  Plaintiff. This was in direct violation of the RICO ACT.
13
14
15
16
17
18
19  75.Plaintiff  further alleges that these representations were made
20  through "the United States mail and wires and telephones."
21  Plaintiffs claim that the preceding representations were fraudulent, and
22  avers that defendant Morgan Dunn O'Connor made countless other fraudulent
23  representations More specifically, Plaintiff alleges violations of the
24  Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§
25  1961-68 (West 2001), by use of mail and wire fraud, in violation of 18
26  U.S.C. §§ 1341 and 1343 (West 2001). Plaintiffs also bring claims based
27  in state law for fraud,  intentional infliction of emotional distress and
28  negligent infliction of emotional distress all which were caused by
29  defendant Morgan Dunn O'Connor and her co defendants
30  who colluded and conspired to defraud Plaintiff. Defendant Terry Carroll
31  who was defendant Morgan Dunn O'Connor's counsel used his notary public
32  to aid defendant Morgan Dunn O'Connor in her scheme to defraud Plaintiff.
33  Defendant Terry Carroll broke the law when he notarized the declaration
34  for Morgan Dunn O'Connor Jr. Defendant Terry Carroll also  broke the law
35  when he notarized and prepared the fraudulent  documents that he had
36  interest in and was a party to.Sue Comstock who was also  the secretary
37  for defendant Ron Walker also broke the law when she aidded the co
38  defendants by using her notary to affirm the declaration of the
39  fictitious person Morgan Dunn O'Connor Jr. Defendant Morgan Dunn O'Connor
40  was well aware of all these facts and she was well aware of
41  the fact that her name was being used in a fraudulent manner in order to
42  defraud Plaintiff. Despite being made aware of allthese very important
43  facts. Defendant Morgan Dunn O'Connor still allowed and aidded her co
44  defendants and counsel in their scheme to defraud Plaintiff by using the
45  Court system and a fictitious person along with fraudulent legal
46  documents and declarations to defraud Plaintiff and to wrongfully get the
47  bogus injunction placed on Plaintiff which resulted in losses and damages
48  to Plaintiff. Defendants Brien Dunn O'Connor, the Brien O'Connor Dunn non
49  exempt trust, the O'Connor Dunn Family Trust and the Marie Soreson Estate
50  all allowed their names and trust to be used by defendant Morgan Dunn
51  O'Connor and her counsel who was also the counsel of defendants Brien
52  Dunn O'Connor, the Brien O'Connor Dunn non exempt trust,the O'Connor Dunn
53  family trust and the Marie Sorenson Estate in a scheme to defraud
54  Plaintiff. These defendants were fully aware that the fictitious person

Morgan Dunn O'Connor did not exist. Despite having knowledge of these facts. These defendants still allowed the fictitious person Morgan Dunn O'Connor Jr. to represent them in Court and in the bogus documents and injunction. These individuals also misrepresented numerous facts to the Court and to Plaintiff in a scheme to defraud Plaintiff. As a result of the negligence of defendant Brien O'Connor Dunn, the Brien O'Connor Dunn trust, the O'Connor Dunn family trust and the Marie Sorenson estate Plaintiff's operations were brought to a standstill. A permanent injunction was placed on Plaintiff. The treasure and contents of the vessel were stolen by the co defendants. The vessel site was destroyed also by the defendants this all resulted in Plaintiff suffering losses and damages. The estimated value of the treasure and the content of the vessel along with the vessel is about $3,000,000,000 to $13,000,000,000 dollars that was losted as a result of all the named defendants actions including Brien Dunn O'Connor and the trust defendants along with defendant the Marie Sorenson Estate. As a result of the fraudalent misrepresentation of defendants to Plaintiff and the Court during their scheme to defraud Plaintiff. Plaintiff suffered damages and losses and lost revenue. These defendants in a conspiracy with the other named co defendants also violated the Rico ACT.
More specifically, Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (West 2001), by use of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343 (West 2001). Plaintiff also bring claims based in state law for fraud, intentional infliction of emotional distress, negligent infliction of emotional distress which was also caused by the defendants actions and scheme to defraud Plaintiff. ALL OF THESE NAMED DEFENDANTS DID ACT IN COLLUSION AND IN A JOINT CONSPIRACY WITH ONE ANOTHER AND ALSO THEY DID ACT IN CONCERT WITH ONE ANOTHER  TO DEFRAUD PLAINTIFF and as a result of their actions Plaintiff suffered extreme damages and losses along with emotional distress.

76.Defendants fail to use reasonable care and  legal profession similarly situated in connection with the discharge of its/his responsibilities to Plaintiff and to utilize reasonable care and prudence in connection with those responsibilities.

77. Defendants Dick Schwartz, Babe Schwartz , Ruth Karper and Schwartz, Junnell, Greenberg and Oathout breached his duty to Plaintiff by his failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the
legal profession similarly situated in connection with the discharge of his responsibilities to Plaintiff and breached his duty to utilize reasonable care and prudence in connection with those responsibilities.

78. Defendant Law Office of Schwartz, Junnell, Greenberg and Oathout breached its duty to Plaintiff by his failure to exercise the knowledge, skill, ability and devotion ordinarily possessed and employed by members of the legal profession similarly situated in connection with the discharge of his responsibilities to Plaintiff and breached his duty to utilize reasonable care and prudence in connection with those responsibilities.

79. As a direct and proximate result of the negligence of Defendants Dick Schwartz Babe Schwartz Ruth Karper and the law Office of Schwartz Junnell Greenberg and Oathout, jointly, severally, and in the alternative, Plaintiff was caused to suffer damages.
Defendants neglected or mismanaged Plaintiff's cases and other matters and are therefore liable for all damages sustained. Defendant Dick Schwartz and his law firm and co defendants profited off of the negligence, malpractice, fraud, and mismanagement of Plaintiff's cases and other matters, and are therefore both liable for all damages sustained by Plaintiff.

80. Defendants' conduct was wrongful, wantonly reckless or malicious and further
there was conscious wrongdoing on Defendants' part in that the Defendants acted deliberately or failed to act with the knowledge of the high degree of probability of harm and reckless indifference of the consequences to Plaintiff . WHEREFORE, Plaintiff demands judgment against Defendants Dick Schwartz, Ruth Karper, Babe Schwartz and the law firm of Schwartz, Junnell, Greenberg and Oathout for thirteen billion dollars ($13,000,000,000) as result of the defendants fraudalent and negligent behavior and illegal representation of Plaintiff which resulted in the lost of the treasure , the vessel content and destruction of the vessel site.

81. Carrier of Dick Schwartz , Babe Schwartz, Ruth Karper and  Schwartz Junnell Greenberg and Oathout, Esq., jointly, severally, and in the alternative for:

A. Compensatory Damages in the amount in excess of thirteen billion dollars
($13,000,000,000,00.);
B. Punitive Damages in the amount of Five Million Dollars
($13,000,000,000.00);
C. Interest;
D. Costs of suit;
E. Return of all counsel fees paid, costs and expenses;
F. Appointment of competent, effective counsel to help prosecute Plaintiff's case
against Defendant; and
G. Any other relief the Court may deem equitable, just and fair.

82.(Legal Malpractice)

1. Plaintiff repeats the foregoing paragraphs in the First Count as if set forth herein at length.
2. Defendants breached their respective duties owed to Plaintiff by committing legal malpractice.
3. As a direct and proximate result of the legal malpractice of all Defendants, Plaintiff was caused to suffer damages.
WHEREFORE, Plaintiff NATHAN SMITH demands judgment against DefendantS Dick Schwartz, Ruth Karper, Babe Schwartz and the law firm of Schwartz Junnell, Greenberg and Oathout
Malpractice Insurance Carrier of Dick Schwartz, Ruth Karper, and Baba Schwartz Esq., jointly, severally, and in the
alternative for:

Compensatory Damages in the amount in excess of Thirteen Billion dollars ($13,000,000,000.00); dollars

B. Punitive Damages in the amount of Thirteen Billion dollars
($13,000,000,000,);
C. Interest;
D. Costs of suit;
E. Return of all counsel fees paid, costs and expenses;
F. Appointment of competent, effective counsel to help prosecute
Plaintiff's case against Defendant; and
G. Any other relief the Court may deem equitable, just and fair.

83. (Breach of fiduciary relationship;
Violations of Texas Rules of Professional Conduct and Government Code)


1. Plaintiff realleges and incorporates the allegations 1-133 contained
in this complaint
2. The conduct of Defendants Dick Schwartz, Babe Schwartz, Ruth Karper
and their Law Firm were professionally
negligent, careless, showed incompetency, and constituted a breach of the
fiduciary relationship which Defendants had with Plaintiff.
3. As a direct and proximate result of the professional negligence,
carelessness, incompetence, and breach of fiduciary relationship,
Defendants profited from this, and Plaintiff was damaged.
4. Defendants Dick Schwartz, Ruth Karper, Babe Schwartz Esq. and
Defendant Law Office of Schwartz Junnell, Greenberg and Oathout
 Esq., violated the Rules of Professional Conduct in connection with the
discharge of their responsibilities and duties owed to Plaintiff NATHAN
SMITH, and Defendants Dick Schwartz, Ruth Karper, Babe schwartz and
Schwartz Junnell, Greenberg and Oathout  profited off these ethical
violations and breach of fiduciary duty.

WHEREFORE, Plaintiff NATHAN SMITH demands judgment against Defendants
Defendants Dick Schwartz, Ruth Karper, Babe Schwartz, and Schwartz ,
Junnell Greenberg and Oathout.Malpractice Insurance Carrier of Dick
Schwartz, Ruth Karper and Babe Schwartz Esq., jointly, severally, and in
the alternative

A. Compensatory Damages in the amount in excess of thirteen billion
dollars ($13,000,000,000.00) dollars

B. Punitive Damages in the amount of thirteen billion dollars
($13,000,000,000.00); dollars
C. Interest;
D. Costs of suit;
E. Return of all counsel fees paid, costs and expenses;
F. Appointment of competent, effective counsel to help prosecute
Plaintiff's case
against Defendant; and
G. Any other relief the Court may deem equitable, just and fair.



84. (Intentional misrepresentation;
and/or negligent misrepresentation)

1. Plaintiff repeats the foregoing paragraphs contained and if set forth herein at length in Plaintiff's complaint.

2. The conduct of the Defendants constituted intentional misrepresentation, and/or negligent misrepresentation.

3. As a direct and proximate result of the intentional and/or negligent misrepresentation by Defendants, Dick Schwartz, Ruth Karper, Babe Schwartz, Ron Walker, Terry Carroll, Jeffery Hart, Bruce Bennett, Morgan Dunn O'Connor, Commissioner Jerry Patterson, Schwartz ,Junnell, Greenberg and Oathout, Cardwell Bennett and Hart, O'Connor Dunn family trust, Brien O'Connor Dunn non exempt trust, and their

co defendants profited from this intentional misrepresentation, and Plaintiff was damaged.

4. Defendants Dick Schwartz, Ruth Karper, Babe Schwartz,esq. and Defendant Law Office of Schwartz, Junnell, Greenberg and Oathout violated the Rules of Professional Conduct in connection with the discharge of their responsibilities and duties owed to Plaintiff NATHAN SMITH.

WHEREFORE, Plaintiff NATHAN SMITH demands judgment against Defendants Dick Schwartz, Ruth Karper, Babe Schwartz and  Defendant Law Office of Schwartz, Junnell, Greenberg and Oathout, Esq., and

Malpractice Insurance Carrier of Dick Schwartz, Ruth Karper and Babe Schwartz, Esq., jointly, severally, and in the alternative for:

A. Compensatory Damages in the amount in excess of Thirteen Billion Dollars ($13,000,000,000.00); dollars

B. Punitive Damages in the amount of Five Million Dollars (13,000,000,000.00);

C. Interest;

D. Costs of suit;

E. Return of all counsel fees paid, costs and expenses;

F. Appointment of competent, effective counsel to help prosecute Plaintiff's case against Defendants; and

G. Any other relief the Court may deem equitable, just and fair.

85. (Breach of contract, oral, implied and/or express)

1. Plaintiff repeats the foregoing paragraphs 1-80 as set forth herein at length in Plaintiff's complaint for damages

2. The conduct of Defendants constituted a breach of contract, oral, implied, and/or express as to the Plaintiff.

3. As a direct and proximate result of the breach of the oral, implied, and/or express contract and their respective duties owed to Plaintiff, Defendants Dick Schwartz, Babe Schwartz, Ruth Karper and Schwartz Junnell Greenberg and Oathout profited from these acts, commissions and/or omissions, and caused Plaintiff to suffer damages, including special damages. WHEREFORE, Plaintiff NATHANSMITH demands judgment against Defendants   Dick Schwartz, Ruth Karper, Babe Schwartz and Defendant Law Office of Schwartz  Junnell, Greenberg and Oathout Esq., and  Malpractice Insurance Carrier of Dick Schwartz, Ruth Karper and Babe Schwartz Esq., jointly, severally, and in the

alternative for:

A. Compensatory Damages in the amount in excess of Thirteen Billion Dollars
($13,000,000,000.00); dollars
B. Punitive Damages in the amount of Thirteen Billion Dollars
($13,000,000,000.00); dollars
C. Consequential/Special Damages;
D. Interest;
E. Costs of suit;
F. Return of all counsel fees paid, costs and expenses;
G. Appointment of competent, effective counsel to help prosecute Plaintiff's case
against Defendants; and
H. Any other relief the Court may deem equitable, just and fair.


86. (Breach of warranties, both implied and express;
Breach of implied covenant of good faith and fair dealing)


1. Plaintiff repeats the foregoing paragraphs 1-80  set forth herein at length in Plaintiff's complaint for damages.
2. The conduct of Defendants constituted a breach of warranties, both implied and express, and a breach of the implied covenant of good faith and fair dealing. 3. As a direct and proximate result of the breach of warranties, both expressed and implied, and breach of implied covenant of good faith and fair dealing, by Defendants,
Defendants Ruth Karper, Dick Schwartz, Babe Schwartz and the law firm of Schwartz, Junnell, Greenberg and Oathout profited from these breaches, and Plaintiff was caused to suffer damages, including special damages. WHEREFORE, Plaintiff NATHAN SMITH demands judgment against Defendants Dick Schwartz, Ruth Karper, Babe Schwartz and the law firm of Schwartz, Junnell, Greenberg and Oathout Malpractice Insurance Carrier of Dick Schwartz, Babe Schwartz and Ruth Karper, Esq., jointly, severally, and in the


alternative for:

A. Compensatory Damages in the amount in excess of Thirteen Billion Dollars

($13,000,000,000);
B. Punitive Damages in the amount of Thirteen Billion dollars
($13,000,000,000.00);
C. Consequential/Special Damages;
D. Interest;
E. Costs of suit;
F. Return of all counsel fees paid, costs and expenses;
G. Appointment of competent, effective counsel to help prosecute
Plaintiff's case
against Defendant; and
H. Any other relief the Court may deem equitable, just and fair.

87. VIOLATION OF FEDERAL RICO (18 U.S.C. §§1962(a),(d))

(against all the named defendants)

Plaintiff  realleges all prior allegations in paragraphs 1-133 in the
Complaint, and incorporate them by reference.

This action is brought under 18 U.S.C. §1962(a), and (d), and is asserted
against named defendants and each of them.

88. At all relevant times, each of the defendants was a "person" within
the meaning of 18 U.S.C. § 1961(3), as each of the defendants was
capable of holding a legal or beneficial interest in property.

At all relevant times,  Schwartz Junnell, Greenberg and Oathout and
Walker , Keeling and Carroll have constituted
"enterprises" within the meaning of 18 U.S.C. § 1961(4), which are
engaged in, or the activities of which affect, interstate commerce as
described

89. Each of the  defendants and co defendants was a principal in the
pattern of racketeering activity described in this complaint

Each of the  defendants has received income derived, directly or
indirectly, from the pattern of racketeering activity described in this
complaint.

90. Each of the defendants has used or invested the aforementioned
income, or part of such income, in the operations of Schwartz Junnell
Greenberg and Oathout and Walker Keeling and Carroll,
, including but not limited to:
(A)
Defendants has used or invested the aforementioned income, or a part of
such income, in its own operations, in violation of 18 U.S.C. §1962(a).
(B)

Defendants has used or invested the aforementioned income, or a part of
such income, directly or indirectly, in the establishment or operation
of its parent or subsidiary operations, in violation of 18 U.S.C.
§1962(a).
(C)
Defendants has used or invested the aforementioned income, or a
part of such income, in its own operations, in violation of 18 U.S.C.
§1962(a).
(D)
Defendants has used or invested the aforementioned income, or a
part of such income, directly or indirectly, in the establishment or
operation of subsidiary or affiliate law offices, in violation of 18
U.S.C.
§ 1962(a).

91.Plaintiff has been injured by reason of
Defendants' violations of 18 U.S.C. §1962(a) because the
defendants' investment or use of racketeering income in the operations of
Schwartz Junnell, Greenberg and Oathout and Walker Keeling and Carroll
has allowed defendants, to continue the operation of the Scheme, which
has further injured and threatens to injure Plaintiff  by
fraudulently forcing them to remain with Law firms illegal representation
and fraudalent scheme.

92.On various occasions during the  period, the defendants, and
each of them, agreed and conspired with one another to do the things
heretofore alleged, to participate in and further the Scheme, and to
receive or invest in income obtained through racketeering activity.

93.The  defendants committed wrongful, overt acts in furtherance of the
conspiracy as described above. In doing so, each  defendant
conspired to violate 18 U.S.C. §1962(a), in violation of 18 U.S.C. §
1962(d).

94.As a direct and proximate result of defendants' RICO-violative
activities and their conspiracy and agreement to commit and further those
acts, Plaintiff has suffered damage to their property in the form of
millions of dollars

95.Under the provisions of 18 U.S.C. § 1964(c), Plaintiff is
entitled to bring this action and to recover herein compensatory damages,
treble damages, the costs of bringing this suit, and reasonable
attorney's
fees.

96.Defendants have profited by its false and misleading representations
to Plaintiff by making millions of dollars at the expense of the
Plaintiff.

97.Plaintiff  hereby incorporates by reference all other paragraph
of this Complaint as if fully set forth here and further allege as
follows.

98.Defendants representations regarding the

1  quality, and representation of the defendant law firms policies were
2  willful, reckless, or negligent misrepresentations of material facts.
3
4  100.Defendant Dick Schwartz and his law firm along with defendant Ron
5  Walker and his law firm made these representations
6  either intentionally, without knowledge of their truth or falsity, or
7  negligently, to induce Plaintiff to act thereon, and Plaintiff  did,
8  without knowledge of their falsity, and justifiably and reasonably acted
9  upon these misrepresentations to their injury, as evidenced  by the Court
10  proceeding that Plaintiff participated in.
11
12  101.Schwartz, Junnell Greenberg and Oathout , Walker Keeling and Carroll
13  and Cardwell Hart and Bennett either knew or should have
14  known that Defendants Dick Schwartz, Ruth Karper, Babe Schwartz, Ron
15  Walker, Terry Carroll, Jerrery Hart, Bruce Bennnett and Morgan Dunn
16  O'Connor,Jerry Patterson efforts and bogus documents were fraudalent and
17  that they would result in harm to Plaintiff.
18
19  Upon information and belief, Defendants negligently and fraudalently
20  allowed the bogus documents to be mailed to Plaintiff in a a scheme to
21  defraud Plaintiff.
.22
23
24  102.( INTENTIONAL OR RECKLESS MISREPRESENTATION )
25
26
27  Plaintiff  hereby incorporates by reference paragraphs 1-133
28  of this Complaint as if fully set forth here and further allege as
29  follows.
30
31  103.Defendants Dick Schwartz ,Ron Walker, Babe Schwartz,Ruth Karper,
32  Terry Carroll, Jeffery Hart, Bruce Bennett, Morgan Dunn O'Connor,
33  Commissioner Jerry Patterson and their other named defendants
34  representations regarding the   injunctions and documents, invoices,
35  billing, and court matters and Morgan Dunn O'Connor Jr.
36  The representations made to Plaintiff concerning the illegal
37  representation of Plaintiff during the other matters with the defendants
38  acting as Plaintiff's counsel without Plaintiff's consent. Defendants
39  representations regarding Morgan Dunn O'Connor Jr the fictitious person
40  created by the defendants and the representations
41  regarding the lawsuit that she allegly filed against Plaintiff were
42  willful, reckless, or negligent misrepresentations of material facts.
43
44  104.The named defendants in a scheme and conspiracy to defraud Plaintiff
45  made these representations either intentionally, without knowledge of
46  their truth or falsity, or negligently,
47  to induce Plaintiff  to act thereon, and Plaintiff did,
48  without knowledge of their falsity, and justifiably and reasonably acted
49  upon these misrepresentations to their injury, as evidenced by the
50  litigation, the stopping of the excavation of the vessel and the
51  defendants illegally being allowed to represent Plaintiff and by
52  Plaintiff accepting the fraudalent billing and invoices and
53  documents from the Defendants. Defendants also made Plaintiff believe
54  that Plaintiff owed them a interest in the vessel, the vessel

contents, Plaintiff properties or interest and businesses as set forth in the old contingency agreement that the defendants used to defraud Plaintiff.

105.Defendants, Schwartz, Junell, Greenberg and oathout, Walker, Keeling and Carroll, Cardwell, Hart, Bennett, Marie Soreson Estate, Brien O'Connor Dunn non exempt trust, O'Connor Dunn family Trust and the State of Texas and the other named defendant either knew or should have known that defendants Dick Schwartz, Babe Schwartz, Ruth Karper, Ron Walker, Terry Carroll, Bruce Bennett, Jeffery Hart, Marie Soreson Estate, Brien O'Connor Dunn non exempt trust, O'Connor Dunn family Trust, and Morgan Dunn O'Connor's bogus lawsuit which was filed by the fictitious person Morgan Dunn O'Connor Jr was going to harm Plaintiff and result in the vessel contents and treasure being stolen and the vessel site being destroyed as setforth in the allegations of this complaint.

106.Upon information and belief, defendants negligently allowed their co defendants to create the bogus documents and the fictitious person Morgan Dunn O'Connnor Jr in a scheme to illegally sue Plaintiff and to defraud Plaintiff.

107.Defendants representations were unconscionable, false, deceptive or misleading because they suggested or implied that Plainitff was being sued by a real person and that Plaintiff was required to allow the defendants to represent him. They also implied that a fictitous person created by the defendants owned the land were the vessel was located. They also implied that Plaintiff owed the defendants millions of dollars and interest in Plaintiff properties and future business interest and it also implied that the defendants were entitled to a percentage of the treasure and vessel contents and the sale of the vessel contents and the treasure. Defendants Dick Schwartz and his co defendants at his firm were and are under a duty to disclose the true information about the deceptive nature of their practices to Plaintiff. Because defendants had superior knowledge of their false statments.

108.Defendants engaged in the foregoing actions as part of a calculated scheme or plan with the specific intent to mislead Plaintiff into believing that he had being sued and that Dick Schwartz and his firm was required to represent Plaintiff and that Plaintiff owed the defendants millions of dollars, a percentage of the treasure and the vessel contents, interest in all business and property interests of Plaintiff as set forth in the old contingency agreement for Smith vs the Abandoned Vessel cv 07-784 that defendants tried to use to defraud Plaintiff and which defendants did use to defraud Plaintiff.

109. This course of conduct by the defendants was

```
 1  done willfully, maliciously, intentionally, or with reckless disregard,
 2  and
 3  directly and proximately caused serious injury to Plaintiff.
 4
 5  As a result of the named defendants   willful, reckless or negligent
 6  misrepresentation of material facts, Plaintiff  acted
 7  to his detriment in  allowing the defendants to handle the other legal
 8  matters which Plaintiff would not have done  had Plaintiff been told the
 9  truth, Plaintiff was tricked by the defendants. Plaintiff has and or will
10  suffer damages, which include, without limitation, the value of the loss
11  of the treasure, getting new counsel, cost of removing the
12  bogus injunctions  and numerous other losses to be determined at trial
13  and/or other damages in an amount to be determined at trial.
14
15  Defendants failed to take any steps to
16  prevent the misrepresentations and scheme to defraud Plantiff from
17  continuing, and from being disseminated via the instrumentality of the
18  U.S. Mails, and in fact did so purposefully and deliberately, for gain.
19
20
21
22
23  110. (BREACH OF CONTRACT )
24
25  Plaintiff hereby incorporates by reference  paragraphs 1-133 of this
26  Complaint as if fully set forth here and further allege as follows.
27
28  Plaintiff entered into a past contract with Defendants Dick Schwartz and
29  his firm regarding case number cv 07-784 This contract required that
30  before that contract could apply to any other ( legal matters). The
31  parties would have to agree in writing. The defendants in a scheme to
32  defraud Plaintiff claimed that the old contingency agreement/contract for
33  Smith vs the Abandoned Vessel covered their illegal representation of
34  Plaintiff during their scheme to defraud Plaintiff. There is no written
35  agreement signed by Plaintiff whereby  Plaintiff agreed to allow the 2008
36  contingency agreement to cover the new matters that the defendants
37  illegally represented Plaintiff during the legal proceedings that
38  resulted from the defendants scheme to defraud Plaintiff.
39  By one or more of its actions alleged above, Defendants breached the
40  express or implied terms of the contract it they claimed covered their
41  illegal activities.  Defendants also attempted defraud Plaintiff and they
42  filed documents on behalf of their co defendants who were suing
43  Plaintiff. This was also a breach of contract if any contract existed.
44  Plaintiff did not consent to the conduct of the defendants.
45
46
47  Plaintiff  consequently has suffered or will suffer damages in
48  an amount to be determined at trial, which include, without limitation,
49  compensatory, restitutionary, and punitive damages, plus the costs of
50  suit.
51
52
53
54  111. (FRAUD )
```

(against all defendants)

Plaintiff  realleges all prior allegations and paragraphs 1-133 of the
Complaint, and incorporate them herein by reference as if fully set forth
herein.

Defendants fraudulently failed to disclose to Plaintiff that Morgan Dunn
O'Connor Jr. was not a real person.

Defendants fraudulently failed to disclose to Plaintiff that the
Temporary Restraining Order served by defendant Ron Walker was bogus.

Defendants fraudulently failed to disclose Plaintiff that they did not
have the right to be representing and billing Plaintiff for a case that
was closed.

Defendants fraudulently failed to disclose to Plaintiff that the legal
documents prepared by the defendants were all bogus and there was no
Morgan Dunn O'Connor Jr.

Defendants fraudulently failed to disclose to Plaintiff that they were
friends with the person who was suing Plaintiff.

Defendants fraudulently fail to disclose to Plaintiff the real date that
the documents were served by the co defendants

Defendants fail to disclose to Plaintiff that they were filing documents
on behalf of the individual who was suing Plaintiff

Defendants fail to disclose to Plaintiff that they did not have a
contract or contingency agreement which was signed by Plaintiff for the
illegal

representation during the other matters or lawsuit which was filed by the
co defendants against Plaintiff. These defendants did

conspire to defraud Plaintiff by not disclosing these and other material
facts.

112.The actions of the named defendants was a scheme to defraud Plaintiff
through an ongoing course of conduct, with intent to obtain property from
one or more persons by false or fraudulent pretenses, representations,
promises or willful misrepresentations of a future act.

113. (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS )

1        (against all defendants)
2
3
4    Plaintiff  incorporates by reference all other paragraph
5    of this Complaint as if fully set forth here and further alleges as
6    follows.
7
8    Defendants intended to injure Plaintiff  by their acts.
9
10   The activities engaged in by the defendants have created and/or are
11   creating a serious risk of infliction of intentional infliction of
12   emotional distress.
13
14   Plaintiff was in fact injured by the intentional acts of the defendants
15   in their joint conspiracy to defraud Plaintiff.
16
17   The outrageous conduct of Defendants, individually and severally, in
18   engaging in false, misleading and deceptive mailings, and in repeatedly
19   misrepresenting the facts and misleading Plaintiff and getting the bogus
20   injunction placed on Plaintiff and the taking of the treasure and
21   destruction of the vessel site and the illegall representation of
22   Plaintiff during the legal proceeding that resulted from the defendants
23   fradalent actions have caused Plaintiff humiliation, mental anguish and
24   emotional distress.
25
26   These acts of omission and commission, together with the aforesaid
27   practices, customs, policies of Defendants, collectively or individually,
28   were therefore a direct and proximate cause of the pain, suffering,
29   humiliation, and statutory deprivations described above, to Plaintiff .
30
31   The practices, policies and customs, as set forth in the preceding
32   paragraphs were a deliberate and conscious choice by each
33   defendant that establishes a deliberate indifference to Plaintiff's
34   rights.
35
36   The actions of Defendants, taken without lawful justification, constitute
37   the
38   negligent infliction of emotional distress upon Plaintiff under
39   California law.
40
41   The actions of Defendants, taken without lawful justification, constitute
42   the intentional infliction of emotional distress upon Plaintiff
43
44
45
46
47   114.(UNJUST ENRICHMENT )
48
49
50   Plaintiff  realleage and incorporates paragraphs 1-133 of the Complaint,
51   and incorporate them herein by reference as if fully set forth herein.
52
53   The misconduct of Defendants, individually and severally, in engaging in
54   fraud, fraudalent representation as Plaintiff Counsel,illegal billing and

invoicing false, misleading and deceptive mailing  techniques, the taking
of the treasure and destruction of the vessel site  have resulted in
Defendants being unjustly enriched.

As a result of the foregoing, Plaintiff  has suffered damages to an
extent and in an amount reserved for determination
at trial.

Moreover, as a result of the actions of defendant as described above,
Defendants have been unjustly enriched and should return to Plaintiff the
amount of money by which they have been unjustly enriched.

As a result of their having been unjustly enriched, Defendants should be
made to disgorge and return to Plaintiff the amount of money
by which they have been unjustly enriched.


115. (Barratry and Barratrious/frivolous and meritless actions committed
by defendants) (against co defendants and their law firms)


1. Plaintiff realleges all prior allegations and paragraphs 1-133 of the
Complaint, and incorporate them herein by reference as if fully set forth
herein 2. Defendant committed several acts of barratry or of a barratrous
nature by stirring up baseless, meritless and/or frivolous litigation,
suits and quarrels between Plaintiff and others by failing to defend
Plaintiff's rights and interests properly, and  it was done by Defendants
with a corrupt or malicious intent to vex and annoy Plaintiff, in order
to obtain an economic benefit for themselves by creating litigation that
he believed Plaintiff would have to pay additional retainers to him, and
were Defendant did and would receive additional fees and economic benefit
from Plaintiff.


116. (TORTUOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)


Plaintiff  realleges all prior allegations and paragraphs 1-133 of the
Complaint, and incorporate them herein by reference as if fully set forth
herein.

Defendants's acts of commission and omission complained of in preceding
paragraphs of this Complaint amounted to a violation of the implied
contract of good faith and fair dealing required when dealing under a
contract. By their actions, Defendants has injured Plaintiff.


As a result of the foregoing, Plaintiff has suffered damages to an extent
and in an amount reserved for determination at trial.

117.Defendants acts of malfeasance and nonfeasance complained of in
preceding paragraphs 1-133 of this Complaint amounted to a breach of the
implied

duty of good faith and fair dealing inherent in relationships arising out of a contract.

118. By representing Plaintiff without his consent and by representing the other party that sued Plaintiff. By using the old contingency agreement against Plaintiff. Defendants actions, has injured Plaintiff . Also by filing the bogus injunctions which brought Plaintiff's operations to standstill and resulted in a permanent injunction being placed against Plaintiff. By telling Plaintiff that they had a interest in Plainitff's property and business interest and his music and movie ventures. By taking the treasure and looting the vessel site.

119.Defendants's actions complained of in preceding paragraphs of this Complaint amounted to a breach of the implied duty of good faith and fair dealing.

120.By interjecting itself into Plaintiff's contract with other parties and orchestrating the fraud Defendants tortuously interfered with Plaintiff's contractual relations with other business partners and parties and other business interest.

Defendants by their actions, Defendants has injured Plaintiff.

121. As a result of the foregoing, Plaintiff has suffered unspecified damages,
monetary damages  to be determined at trial.


122. (CONVERSION )

(against all defendants)


Plaintiff and the class reallege all prior allegations and paragraphs 1-110 of the Complaint, and incorporate them herein by reference as if fully set forth herein.

Defendants actions alleged in the Complaint amounted to conversion of Plaintiff's properties and interest and funds. Defendants told Plaintiff that they had a interest in Plainitff's properties and that Plaintiff owed them according to the terms of the old contingency agreement for the Smith vs the Abandoned Vessel Matter that defendants were using in their scheme to defraud Plaintiff.

By its actions, Defendants has injured Plaintiff who has suffered damages to an extent to be determined at trial.


123. (RECKLESS AND WANTON MISCONDUCT )

        (against all defendants)

Plaintiff and the class realleges all prior allegations and incorporates paragraph 1-133 and the other allegations of the Complaint, and incorporate them herein by reference as if fully set forth herein.

Defendants actions alleged above amounted to reckless misconduct which have damaged Plaintiff and the class to an extent to be determined at trial.

124.   42 U.S.C. 1983 Claim

      Section 1983 provides:

(Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983 )
Violation of Plaintiff's right to substantive due process

   (Against all Defendants)

  125. Defendants' revocation of permit and filing of the bogus injunctions against Plaintiff in a conspiracy to defraud Plaintiff
 As a direct result of the actions, statements and/or policies of the Defendants, Plaintiff suffered an unconstitutional deprivation of his rights under the First and Fourteenth Amendments to the U.S. Constitution. Defendants acted intentionally and with callous disregard for  Plaintiff's known statutory and constitutional rights.
 As a direct and proximate result of the Defendants' violations of Plaintiff's statutory and constitutional rights as described herein ,Plaintiff has suffered damage to reputation, humiliation, Business, embarrassment, mental and emotional anguish and
distress and violation of Plaintiff's right to substantive due process as protected under the Constitution. as well as other compensatory damages, in an amount to be determined by a jury and the Court.

126. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.
 As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include the treasure and the vessel's content, the vessel site, movie opportunities, lost career and business opportunities, litigation expenses including ,attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental anguish and emotional distress.

127. Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . Municipalities are "persons" subject to suit under § 1983 for the deprivation of constitutionally protected rights caused by actions which "implement[] or execute[] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [its] officers" (Monell v New York City Dept of Soc Servs, 436 US 658, 690; Pembaur v City of Cincinnati, 475 US 469, 479-480). The municipality may not be held vicariously liable under the doctrine of respondeat superior for employing a careless tortfeasor: the injury must arise from acts of municipal officers or employees in the course of executing municipal policy or custom (id.). Liability may even be imposed for a single act, as long as it is the act of an official authorized to decide policy in that area (Pembaur, supra, at 480, 482-483; City of St. Louis v Prapotnik, 485 US 112, 123-124; see also, Comer, Municipal Liability Under Section 1983: The Rationale Underlying the Final Authority Doctrine, 44 Vand. L. Rev. 341 [1991]).

The acts of defendant commissioner Jerry Patterson and the defendant State of Texas in revoking Plaintiff's permit denied Plaintiff substantive due process of law because the revocation and subsequent injunctions were arbitrary and capricious.


128. A substantive due process claim based on arbitrary and capricious conduct, however, is subject only to the final decision requirement of the Williamson test. The decision must be final to be reviewable (else how could arbitrariness be judged), but it is unnecessary that the Plaintiff pursue administrative remedies to determine how the regulation in question applies to the property or avail itself of State procedures for determining compensation (see, Southview Associates Ltd. v Bongartz, supra, at 96-97). If the action of the municipality is arbitrary and capricious, the remedy for a violation is invalidation of the regulation and actual damages (see, Williamson, supra, at 197).


129. To succeed on Plaintiff's claim for damages pursuant to 42 USC section 1983, Plaintiff must establish (1) the deprivation of a protectable property interest (2) by one acting under the authority of law (Parratt v Taylor, 451 US 527, 535).

130. The hallmark of property "is an individual entitlement grounded in state law which cannot be removed except 'for cause'" (Logan v Zimmerman Brush Co., 455 US 422, 430; Parratt v Taylor, supra; M/O Deas v Levitt, 73 NY2d 525, 531, cert denied 493 US 933). In order to establish a protectable property interest in the army corp permit and consistency statement permits, Plaintiff must show more than a mere expectation or hope to retain the permit and continue his excavation of the vessel; Plaintiff must show that pursuant to State or local law, they had a "legitimate claim of entitlement" to continue do the excavation of the vessel (Board of Regents v Roth, 408 US 564, 577; Sullivan v Town of Salem, 805 F2d 81, 84-85 [2d Cir 1986]; Yale Auto Parts, Inc. v Johnson, 758 F2d 54, 59 [2d Cir 1985]).

131. Plaintiff does so in this complaint  by establishing that the rights to excavate the vessel had become vested under State law. Moreover, Plaintiff would have received the limited future authorizations necessary to complete the project. On this evidence, Texas Coastal Coordination Council, defendant Jerry Patterson and the Texas General Land Office "engendered a clear expectation of continued enjoyment" of the permit sufficient to constitute a protectable property interest for purposes of a § 1983 claim (Barry v Barchi, 443 US 55, 65 n.11); there was a "certainty or a very strong likelihood" that Plaintiff would have completed the project absent the deprivation of due process (see, Yale Auto Parts, Inc., supra).

132. Having acquired a cognizable property interest, due process assures the Plaintiff the right to be free from arbitrary or irrational municipal actions destructive of this interest The allegations contained in this complaint  supports the  conclusion that Texas Coastal Coordination Council and defendant Jerry Patterson's revocation of Plaintiff's' permit was arbitrary and capricious in this case because it was without legal justification and motivated entirely by political concerns. The only remaining question is whether his actions may be imputed to the  State of Texas.

133. The State's Consistency Guidelines for Federal Permits of the Army Corp of Engineers, which necessarily reflects the State's policy, vests defendant Jerry Patterson, alone, with the authority to revoke permits and to intiate lawsuits . The Land Commissioner therefore implements State policy and the State, by enacting the legislation, accepted the possibility that he would exercise this authority in an arbitrary and capricious manner. While the state might not be liable if defendant Commissioner Jerry Patterson acted in a good faith or mistaken understanding of the law (see, Brady v Town of Colchester, supra, at 216) or if his act was a random act of personal ill will not authorized by the State (see, Monnell, supra; Pembaur, supra), that clearly was not the case here. He exercised his legal authority for political reasons at the direction of the defendant Morgan Dunn O'Connor.

Accordingly, Plaintiff's complaint successfully established a claim for damages pursuant to 42 USC § 1983, based on defendant Commissioner Jerry Patterson'sand his co defendants and co conspirators arbitrary and irrational revocation of Plaintiff's excavation permit and the filing of the bogus injunction against Plaintiff in a scheme to defraud Plaintiff.


133(a) Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

(Failure to Implement Appropriate Policies, Customs and Practices)
     (against State of Texas and Texas Coastal Coordination Council)


Plaintiff  realleges and incorporate herein by reference the allegations set forth in paragraphs 1-133 of this Complaint.

Defendant Jerry Patterson, in his capacity as Commissioner of the Texas
General Land Office and as Chairman of the Texas Coastal Council,
implicitly or explicitly adopted and implemented careless and reckless
policies, customs, or practices, that included, among other things, of
allowing employees to revoke permits without lawful justification.

Defendant Commissioner Jerry Patterson in his capacity as land
commissioner for the Texas General Land Office and as Chairman of the
Texas Coastal Council, implicitly or explicitly adopted and implemented a
careless and reckless policy, custom, or practice of allowing employees
of to engage in fraud against Plaintiff.

The failure of defendant State of Texas to adequately train and supervise
Defendants Jerry Patterson at the Texas General Land Office and the Texas
Coastal Council amounts to deliberate indifference to the rights of
Plaintiff to be free from discrimination  under the Fourth, Fifth, and
Fourteenth Amendments to the Constitution of the United States.

The failure of defendant State of Texas to adequately train and supervise
Defendant Jerry Patterson amounts to deliberate indifference to the
rights of Plaintiff to be free from discrimination under the Fourth,
Fifth, and Fourteenth Amendments to the Constitution of the United
States.

As a result of this deliberate indifference to the Plaintiff's' rights,
Plaintiff suffered personal injuries and lost the treasure and the
contents of the vessel
along with numerous business opportunities,the right to excavte the
vessel, and numerous other losses to be determined at trial. Plaintiff is
entitled to relief under 42 U.S.C. §1983.

In committing the acts complained of herein, Defendants acted under color
of state law to deprive Plaintiffs as alleged herein of certain
constitutionally protected rights including, but not limited to:  the
right not to be deprived of property without due process of law and the
right to just compensation for taking of property.

134 (b) Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

(Deprivation of Property Without Due Process of Law)
     (against all defendants)

Plaintiffs reallege and incorporate herein by reference the allegations
set forth in paragraphs 1-133 of this Complaint.

Defendant Commissioner Jerry Patterson and the State of Texas, in concert with the other Defendants intentionally violated the civil rights of the Plaintiffs by his malicious and wanton disregard for Plaintiffs' property rights and the defrauding of Plaintiff. The taking of the treasure and the vessel's contents belonging to Plaintiff amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

By defendant Commissioner Jerry Patterson and his co defendants taking the treasure and the contents of the vessel from Plaintiff even though Plaintiff had a permit from the defendants and by revoking Plaintiff's permit and withdrawing the consent that the defendants had already given Plaintiff without just cause. and by engaging with the co defendants in a scheme to defraud Plaintiff. Defendants actually and proximately inflicted an outrageous violation of constitutional rights of Plaintiff, for which Defendants are liable and Plaintiffs seek damages therefor.

134 (c)
(Violation of U S. Constitutional Amendment XIV -Equal Protection)   (42 US.C. § 1983 -Damages)

The allegations set forth in paragraphs 1 through 133, inclusive, are incorporated into this

cause of action by reference as if set forth in full.
Plaintiffs are informed and believe and on that basis allege that defendants State of Texas and Commissioner Jerry Patterson aforementioned conduct that damaged Plaintiff was an orchestrated campaign of official harassment and selective
enforcement of policy. Defendants' actions as described herein were maliciously intended to punish
and intimidate Plaintiff for the exercise of their constitutional rights mentioned above as well as for
defendants' improper economic motivations.
Plaintiffs are entitled to Equal Protection of the laws, a right protected by the Fourteenth

Amendment to the United States Constitution.
As a direct and proximate result of defendants' actions, Plaintiff suffered serous injury,
including but not limited to lost business opportunities, humiliation, embarrassment, loss of civil
rights, and mental anguish. The full extent of such injuries not being known at this time, Plaintiff will
amend this complaint to set forth all damages when ascertained with specificity.

134 (d)
(OUTRAGEOUS CONDUCT)

(against all defendants)


That the Plaintiff hereby incorporates by reference paragraphs 1 through
133 above as though fully set forth herein.

That the defendants' actions as set forth herein, were outrageous,
intolerable and so extreme as to exceed all bounds of decency which
prevail in civilized communities and societies.

That the defendants, by their actions as set forth herein, intended to
inflict irreparable damage to the Plaintiff's reputation, good name,
honor, integrity and respect in the community.

That as a direct and proximate result of the defendants' outrageous
conduct, as set forth herein, the Plaintiff has suffered loss of his
reputation, good name, honor, integrity and respect in the community.

That the defendants have caused the injuries, damages and losses to the
Plaintiff by their outrageous conduct; and, the Plaintiff is entitled to
recover against the defendants for the injuries, damages and losses set
forth herein.


134 (e) (NEGLIGENCE)

(against defendants Commissioner Jerry Patterson , Texas Coastal
Coordination Council and the State of Texas and their co defendants)

That the Plaintiff hereby incorporates by reference paragraphs 1 through
133 above as though fully set forth herein.

That the above-referenced acts and omissions of the defendants were
negligent.

That the negligent acts and omissions were a direct and proximate cause
of the injuries, damages and losses to the Plaintiff; and, the Plaintiff
is entitled to recover against the defendants for damages caused by their
negligence as set forth in this Complaint.




134 (f)(UNLAWFUL APPLICATION OF PERMITTING PROCESS)



Plaintiff incorporates by reference the allegations of paragraphs 1-133
as
though set forth at length herein.
The action of the Texas Coastal Coordination Council in  revoking permit

for excavation of the vessel was arbitrary, capricious, an abuse of
discretion, and contrary to law
because plaintiff's proposed excavation of the vessel was consented to by
the State of Texas and it complied with the State's rules on Consistency.
as defined in the Texas Coastal Coordination Councils policies,rules on
permitting and mandate.

134(e).PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NATHAN SMITH, requests judgment against Defendants
as follows:

A. For appropriate declaratory relief regarding the unlawful and
unconstitutional acts and practices of Defendants.
B. For appropriate compensatory damages in an amount of Thirteen Billion
Dollars ($13,000,000,000.00)dollars.
for the lost of the treasure , the vessel contents, the lost business
opportunities, violation of Plaintiff's rights, the right to excavate
the vessel, the movie opportunity, lost of potential investors, and
numerous other revenues streams that would have been generated from the
excavation of the vessel.

C. For appropriate equitable relief against all Defendants as allowed by
the
Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining
and permanent
restraining of these violations, and direction to Defendants to take such
affirmative
action as is necessary to ensure that the effects of the unconstitutional
and unlawful
permitting practices are eliminated and do not continue to affect
Plaintiff's, or others',

D. For an award of reasonable attorney's fees and his costs on his behalf
expended as to such Defendants pursuant to the Civil Rights Act of 1871,
42 U.S.C.

E. For such other and further relief to which Plaintiff may show himself
justly entitled.

135.  DEMAND FOR JURY TRIAL
Plaintiff's  demand trial by jury for all issues so triable.
RELIEF REQUESTED
WHEREFORE, Plaintiff respectfully requests that this Court:

(a)
Assume jurisdiction over this action.

(b)
Declare that Defendants have engaged in
conduct which constitutes unlawful practices the RICO ACT.


(c)
Issue a Preliminary Injunction enjoining Defendants from engaging in
the future in conduct constituting unlawful practices under the RICO
ACT


(d)
Issue a Preliminary Injunction enjoining Defendants, directly or
through third parties, from representing Plaintiff without his consent or
a written and signed agreement between the parties and Plaintiff.


(e)
Issue a Preliminary Injunction enjoining Defendants, directly or
through third parties, from altering, concealing, shredding or
otherwise destroying or disposing of any related to the other legal
matters that defendants illegally represented Plaintiff in and the bogus
injuctions filed by the defendants.
(f)
Grant expedited discovery pursuant to Fed. R. Civ. P. 26 et seq., to
aid in developing the facts for the Preliminary Injunction.
(g)

Grant the Preliminary Injunction without requiring Plaintiff to post bond
or security for costs or damages.
(H)

Permanently enjoin Defendants from engaging in the future in
conduct which constitutes unlawful practices under RICO ACT


(I)

Permanently enjoin Defendants from engaging in the future in
conduct which amounts to fraud, conversion , reckless and wanton
misconduct, breach of contract, and intentional
infliction of emotional distress upon Plaintiff



(J)

Order disgorgement of any profits or commissions made by defendants
during their scheme to defraud Plaintiff.

(K)
In consideration of the massive fraud at issue , the
demonstrable, continuing damage to Plaintiff,
and the potential for the dissipation of assets through a corporate
reorganization or voluntary bankruptcy, place Defendants
under a Master In Supervision or in a receivership during the
pendency of these proceedings to aid in the preservation of assets to
satisfy judgments which may be recovered by Plaintiff

136. Award Plaintiff against Defendants, jointly and severally, for actual or statutory damages or compensatory damages to the tune of Thirteen Billion Dollars ($13,000,000,000) dollars.

137. Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages for Thirteen billion, dollars ($13,000,000,000) dollars.
(L)
Award Plaintiff and the class their reasonable costs and expenses.
(M)
Award Plaintiff and the class reasonable attorneys' fees.
(N)
Refer any violations of federal bribery, extortion, larceny or other criminal code to the appropriate prosecutorial authorities for action.
(O)
Grant Plaintiff such other additional relief as this court deems equitable.

By: _____    8·22·11

NATHAN SMITH

PRO SE PLAINTIFF




PLAINTIFF'S VERIFICATION




The undersigned, being duly sworn, and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

Aug    2011



8-22-11

_____

NATHAN SMITH

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

Nathan Smith
P.O. Box 480265
Los Angeles Ca 90048

**DEFENDANTS**

The State of Texas

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☑2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $ 13,000,000,000,00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Rights Pursuant to Title 42 U.S.C. 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐400 State Reapportionment, ☐410 Antitrust, ☐430 Banks and Banking, ☐450 Commerce/ICC Rates/etc., ☑470 Racketeer Influenced and Corrupt Organizations, ☐480 Consumer Credit, ☐490 Cable/Sat TV, ☐810 Selective Service, ☐850 Securities/Commodities/Exchange, ☐875 Customer Challenge 12 USC 3410, ☐890 Other Statutory Actions, ☐891 Agricultural Act, ☐892 Economic Stabilization Act, ☐893 Environmental Matters, ☐894 Energy Allocation Act, ☐895 Freedom of Info. Act, ☐900 Appeal of Fee Determination Under Equal Access to Justice, ☐950 Constitutionality of State Statutes

CONTRACT: ☐110 Insurance, ☐120 Marine, ☐130 Miller Act, ☐140 Negotiable Instrument, ☐150 Recovery of Overpayment & Enforcement of Judgment, ☐151 Medicare Act, ☐152 Recovery of Defaulted Student Loan (Excl. Veterans), ☐153 Recovery of Overpayment of Veteran's Benefits, ☐160 Stockholders' Suits, ☐190 Other Contract, ☐195 Contract Product Liability, ☐196 Franchise

REAL PROPERTY: ☐210 Land Condemnation, ☐220 Foreclosure, ☐230 Rent Lease & Ejectment, ☐240 Torts to Land, ☐245 Tort Product Liability, ☑290 All Other Real Property

TORTS PERSONAL INJURY: ☐310 Airplane, ☐315 Airplane Product Liability, ☐320 Assault, Libel & Slander, ☐330 Fed. Employers' Liability, ☐340 Marine, ☐345 Marine Product Liability, ☐350 Motor Vehicle, ☐355 Motor Vehicle Product Liability, ☐360 Other Personal Injury, ☐362 Personal Injury-Med Malpractice, ☐365 Personal Injury-Product Liability, ☐368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐462 Naturalization Application, ☐463 Habeas Corpus-Alien Detainee, ☐465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐370 Other Fraud, ☐371 Truth in Lending, ☐380 Other Personal Property Damage, ☐385 Property Damage Product Liability

BANKRUPTCY: ☐422 Appeal 28 USC 158, ☐423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐441 Voting, ☐442 Employment, ☐443 Housing/Accommodations, ☐444 Welfare, ☐445 American with Disabilities - Employment, ☐446 American with Disabilities - Other, ☐440 Other Civil Rights

PRISONER PETITIONS: ☐510 Motions to Vacate Sentence Habeas Corpus, ☐530 General, ☐535 Death Penalty, ☐540 Mandamus/Other, ☐550 Civil Rights, ☐555 Prison Condition

FORFEITURE/PENALTY: ☐610 Agriculture, ☐620 Other Food & Drug, ☐625 Drug Related Seizure of Property 21 USC 881, ☐630 Liquor Laws, ☐640 R.R. & Truck, ☐650 Airline Regs, ☐660 Occupational Safety/Health, ☐690 Other

LABOR: ☐710 Fair Labor Standards Act, ☐720 Labor/Mgmt. Relations, ☐730 Labor/Mgmt. Reporting & Disclosure Act, ☐740 Railway Labor Act, ☐790 Other Labor Litigation, ☐791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐820 Copyrights, ☐830 Patent, ☐840 Trademark

SOCIAL SECURITY: ☐861 HIA (1395ff), ☐862 Black Lung (923), ☐863 DIWC/DIWW (405(g)), ☐864 SSID Title XVI, ☐865 RSI (405(g))

FEDERAL TAX SUITS: ☐870 Taxes (U.S. Plaintiff or Defendant), ☐871 IRS-Third Party 26 USC 7609

**CV11-06884-JVS (AN)**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): _CV 07-00784    CV 10-77 Southern District Texas_

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____　Date _8-22-11_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |